## Case No. 15,791.

### UNITED STATES v. MITCHELL.

[2 Wash. C. C. 478.] [1]

Circuit Court, D. Pennsylvania.  Jan., 1811.

EMBARGO—EVIDENCE—CERTIFICATE OF SURVEY—LOG-BOOK.

1. Although a certificate of a survey of a vessel is not evidence of the facts stated in it, yet, if the surveyors, in a deposition regularly taken, refer to the certificate, as containing all they know, it is evidence.

[Cited in The Director, 34 Fed. 60.]

2. The certificate of the American consul at a foreign port, under his seal of office, that the ship's papers were lodged with him, agreeably to the requisitions of the embargo law, is good evidence of that fact, but not of other facts stated in it.

[Cited in Levy v. Burley, Case No. 8,300; The Alice, 12 Fed. 925.]

3. If a log-book be offered in evidence, it should be proved to be the book kept on the voyage. It is not sufficient to prove the handwriting of the mate, as to some of the entries in it.

Debt on an embargo bond. The defence was, that the vessel, by stress of weather, was forced into St. Thomas's, where she was so disabled that she could not, without repairs, have returned to the United States; and that the government prohibited the carrying away the cargo. To prove the condition of the vessel at St. Thomas's, the defendant read the depositions of two of the surveyors, who were appointed to view her and who refer to the survey, and declare that it contains a true statement of her condition: that it contains all they knew then, or now know on the subject. The reading of the survey was objected to.

BY THE COURT. In Watson v. Insurance Co. of North America [Cases Nos. 17,284 and 17,285], we determined that a survey is not evidence of the facts stated in it. But in this case, the witnesses have incorporated it into, and made it part of their depositions,

[1] [Originally published from the MSS. of Hon. Bushrod. Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

and of course attest the verity of the facts stated in it, as fully as if they had set forth the same facts in their deposition. Of course it may be read.

The certificate of the consul at St. Thomas's, that the ship's papers were lodged with him, agreeably to the act of congress, under his seal of office, was admitted as evidence, and other parts of it, as to other facts, struck out.

The defendant offered a book, as the log-book of the vessel, and insisted, that as the district attorney had given him notice to produce the log-book, this made it evidence. To identify it, the only evidence was by a sailor belonging to the vessel, who deposed as to the hand-writing of the mate, in many parts, and that he saw him marking the words "Log-Book of the Lydia," on the cover of the book, on the voyage.

BY THE COURT. The calling for a paper does not make it evidence, unless the party calling chooses to read it, in which case he admits it. But in this case, the call was for the log-book, and no evidence is given that this is the log-book kept on the voyage, but may have been afterwards made up by the mate, to suit the purpose of this cause. The cover does not identify it, as the same words might have been written on any piece of canvas, and put on this book.

The charge merely stated the point for the jury to decide, viz. that the defendants were prevented, from perils of the sea, or other unavoidable accident, from relanding the cargo in the United States. To excuse themselves for going to St. Thomas's, they should prove, that the injured state of the vessel, and adverse winds, prevented them from putting into some port of the United States, and compelled them to go to St. Thomas's; and that, when there, they were prevented by the government from returning, with the cargo, to the United States.

[For another trial of this case, see Case No. 15,792.]