## Case No. 8,300.

### LEVY v. BURLEY.

[2 Sumn. 355.] [1]

Circuit Court, D. Massachusetts. May Term, 1836.

EVIDENCE — COMPETENCY— CERTIFICATES OF PUBLIC OFFICERS — CONSUL'S CERTIFICATE—COMPETENCY OF WITNESS—SUIT FOR BENEFIT OF GOVERNMENT—LIABILITY FOR COSTS.

1. Where public officers are authorized by law to certify to certain facts, their certificates to these facts are competent evidence thereof.

2. A consul's certificate of any fact is not evidence between third persons, unless expressly or impliedly made so by statute.

3. Quaere, if a consul's certificate is evidence, that a ship's register was deposited with him, agreeably to the act of congress of 1803, c. 62, § 2 [2 Story's Laws, 883; 1 Stat. 203, c. 9].

4. An information was brought in the name of the consul of the United States. for the island of St. Thomas, suing for the benefit of the United States, against the defendant, to recover a

penalty for not depositing with the consul the ship's register on her arrival at the port of St. Thomas, agreeably to the act of congress of 1803. c. 62, § 2. *Held*, that the certificate of the consul was not admissible evidence, to prove the arrival or departure of the vessel.

5. Quaere, if a consul, who sues for a penalty, in his own name and person, but for the benefit of the United States, is liable for costs.

6. Quaere, if a party plaintiff of record, who has no interest in the suit, is a competent witness.

7. Quaere, if an information is the proper proceeding in the present case. where the suit is not brought in the name of the government.

This was a writ of error, to the judgment of the district court of the United States, for the district of Massachusetts. The original suit was an information brought by the district attorney, in the name of Nathan Levy, consul of the United States, for the island of St. Thomas, suing for the benefit of the United States, against David Burley (the defendant in error), master of the ship Redwing, to recover the penalty of 500 dollars, for not depositing with the said consul, the ship's register on her arrival at the port of St. Thomas, according to the requirement of the supplementary act, respecting consuls and vice-consuls, of the 28th of February, 1803 (chapter 62). The defendant pleaded not guilty, upon which issue was joined and a verdict passed upon the trial. in his favor. A bill of exceptions was taken at the trial; from which it appeared. that a certificate of the said consul (the plaintiff), under the seal of his consulate, was offered in evidence, on behalf of the plaintiff, stating the fact, of the arrival and departure of the ship, at the said port of St. Thomas; and that the defendant, Burley, neglected and refused to deposit the register of the ship in the hands of the consul. The certificate being objected to, as evidence, the learned judge of the district court ruled, that the certificate was evidence, that the defendant Burley, did neglect to refuse to register with the consul, but that the same was not admissible to prove the arrival and departure of the ship from the port of St. Thomas. To this opinion, the plaintiff filed his bill of exceptions; and the question now presented to the court, was whether the certificate was admissible, for the purpose of proving such arrival and departure.

Mr. Mills, Dist. Atty., for plaintiff, argued, that the plaintiff in the present case, not being liable for costs, was a competent witness, though a party to the record. No objection can be taken, because the certificate is not sworn to, because the consul is a public officer, acting under his oath of office. The district judge admitted it as evidence, that the register was deposited; but not of the arrival of the vessel. It would seem to be prima facie evidence of the arrival of the vessel, as consuls are ex officio bound to take notice of the arrival and departure of American vessels. He cited Act Cong. 1803, c. 62, § 2.

Mr. Shipley, contra, for defendant, contended, that the plaintiff, being a party to the suit, was an incompetent witness, though not liable to costs. The statute makes it the duty of the consul, to prosecute in an alleged case like the present, but does not make him a competent witness. His certificate is not evidence of any fact, except what is within the consular functions. Church v. Hubbard, 2 Cranch [6 U. S.] 237; U. S. v. Mitchell [Case No. 15,791]; Catlett v. Pacific Ins. Co. [Id. 2,517]. The consular functions are enumerated in the statute. According to this, the consul is not bound to keep a record of arrivals. The ninth section of this statute, expressly makes his certificate evidence in certain cases. This express provision excludes the conclusion that it is competent evidence, in cases not provided for. The statute, moreover, is a penal statute, and to be construed strictly.

STORY, Circuit Justice. The act of 1803, c. 62, § 2, provides, that it shall be the duty of every master of a ship belonging to the United States, on his arrival at a foreign port, to deposit his register, &c., with the consul or other commercial agent of the United States at such port; and in case of his refusal or neglect, he is to forfeit and pay 500 dollars, to be recovered by the consul or other commercial agent; "in his own name, for the benefit of the United States, in any court of competent jurisdiction." No provision is made, as to his certificate of the fact being evidence of such refusal or neglect, or of the arrival, or of the departure of the vessel. But in another section of the act (section 4,) it is expressly provided, that the certificate of the consul under his hand and seal shall be prima facie evidence of the refusal of the master of an American ship to receive destitute seamen on board, according to the requirements of that section. The maxim of law might, therefore, very properly be here brought into view: "Expressio unius est exclusio alterius;" and, certainly, an express provision, in such a case, would not be without its weight in giving a construction to such an omission, in a statute of this sort.

There is no doubt, that certificates and other documents made by a public officer, entrusted with authority for that purpose, are to be treated as public documents, and as such, are evidence against all persons (to the extent of the officer's authority), of the facts, which he is directed to certify. But the difficulty in the application of this doctrine to the circumstances of the present case is, that neither this statute, nor any other statute of the United States, has made it the duty of the consul to certify any such facts; and, therefore, the reason fails. On the other hand, the general rule of law is, that all evidence must be given under oath, and in the very case in controversy. The exceptions to this rule are well known; and, here again, the difficulty is to bring the present case within the reach of any of these exceptions. I do not find, indeed, that any act of congress has required consuls to take an oath for the faithful performance of the duties of their office, although, in common with all other officers, they are required to take an oath to support the constitution of the United States. So, that here, there is a certificate offered, not only not under oath, and not provided for by any statute, but open to the grave objection, that it is not even by an officer, sworn to the faithful discharge of duty.

In addition to these suggestions, it is proper to state, that it is not shown to be any part of the official duty of a consul to keep a memorandum of the arrival or departure of American vessels at or from the port, for which he is appointed. If it were a part of his duty to do so, it would by no means follow, that his certificate of the fact would be evidence in a court of justice; for there would be better evidence behind, that is to say, his own deposition on oath, giving the opposite party a right of cross-examination. The case of Waldron v. Coombe, 3 Taunt. 162,[2] shows, that the certificate of a consul on a matter of fact, clearly within the line of his duty, is not evidence. The case of Church v. Hubbard, 2 Cranch [6 U. S.] 237, shows with what strictness the law acts in relation to a consular certificate. It was there rejected, as proof of the existence of a foreign written law annexed thereto. On that occasion, Mr. Chief Justice Marshall, in delivering the opinion of the court, said: "There appears no reason for assigning to their (consuls') certificates respecting a foreign law any higher or different degree of credit, than would be assigned to their certificates of any other fact." This language seems to me to justify the conclusion, that a consul's certificate of any fact is not evidence between third persons, unless expressly or impliedly so made by statute; for it is in derogation of the rules of evidence of the common law. In the case of U. S. v. Mitchell [Case No. 15,791], my late brother, Mr. Justice Washington (a truly able and cautious judge,) admitted a consul's certificate to be evidence, that the ship's register was deposited with him; but he rejected it as to all other facts. I do not now meddle with this point; because it is not necessary to the decision of the case before the court; and there may be good reason to hold, that the certificate, in relation to an official fact, of which the consul may have exclusive knowledge, may be properly admissible, when, as to all other facts, it would be inadmissible; because they might admit of proof aliunde, or even of proof of a higher nature. If the certificate in this case had been of the positive deposit of the register, and were admis-

---

[2] See, also, Roberts v. Eddington. 4 Esp. 88; Drake v. Marryat, 1 Barn. & C. 473, 476.

sible as evidence of that fact (as Mr. Justice Washington held it was,) then I should have no doubt, that it was prima facie evidence of the arrival of the vessel; for it would be a natural presumption, that it was deposited by the master in the ordinary discharge of his duty. But where the certificate is merely negative of the non-deposit, of the register, it would seem at most to establish only its own verity. It would afford no presumption of the arrival and departure of the vessel; for it would be quite consistent with the fact, that the vessel had never arrived at the port. Indeed, the presumption from such non-deposit would be, that the vessel had never arrived at the port; for the law will not presume a violation of his duty by the master. It must be established by competent proofs.

Now, I do not well see, upon any established principles of evidence, how the certificate of the consul of the fact of the arrival or of the departure of the vessel was admissible as proof of the fact. It is not proof under oath. It is not authorized by any statute. It is not made any part of his official duty to keep a memorandum or record of such facts. They are not facts peculiarly or officially within his knowledge. They are susceptible of perfect proof from a great variety of other sources. It does not appear to me, that it is a case, which, upon principles of public policy, or otherwise, calls upon the court to relax the rules of evidence, which are the great security of the rights and interests of all persons. In the case of Dunbar v. Harvie, 2 Bligh, 351, the house of lords held a certificate of an officer of excise, as to matters within the scope of his official knowledge and duty, not admissible evidence. And I do not find, that upon that occasion, any authorities were adduced, having the slightest tendency to shake the rule as to the non-admissibility of the certificates of public officers generally. My judgment is, that the decision of the district judge was, upon general principles, correct; and that the judgment ought to be affirmed.

It is unnecessary to decide the other point raised in the case; and that is, whether the certificate, if otherwise admissible, is not incompetent evidence, because it is the certificate of the plaintiff on the record. The argument is, that though he is a plaintiff upon the record, he has no interest, as he sues under the authority of a statute for the sole benefit of the United States, and he is not liable for costs. As to the non-liability for costs, I am not aware, that that point has ever been directly decided. The plaintiff here sues in his own proper name and person, and not merely by his official name, as the postmaster general does, under the act of 1810, c. 54, § 29 [2 Story's Laws, 1165; 2 Stat. 602, c. 37], or the act of 1825, c. 275, § 31 [3 Story's Laws, 1995; 4 Stat. 112, c. 64]. And there may be a distinction in the cases. Suppose a bond given to a person "for the use of the United States," and the obligee sues, is he of course to be exempted from the payment of costs? That has never yet, to my knowledge, been decided; and I give no opinion upon it. But the more enlarged question is, whether a party plaintiff of record, although he has no interest in the suit, can be admitted as a competent witness. I am aware, that my late brother, Mr. Justice Washington, in Willing v. Consequa [Case No. 17,767], held that he may. But I also know, that that decision has not been thought entirely satisfactory; because, it has been suggested, he is disabled by law, from the mere circumstance of his being a party, without any reference to his ultimate interest, as a party, to give testimony in his own cause. Upon this also I give no opinion.

There is another question arising out of the record, which has not been argued; but upon which, nevertheless, I wish to suggest my own doubt, and that is, whether an information by the district attorney will lie in this case. The result, to which I have come, renders it unnecessary to decide the point. But I ought not to disguise, that I think it difficult to maintain an information, upon the terms of the statute, or for the penal objects, which it is designed to enforce. I do not remember a single case, in which an information for a penalty has been maintained, except where the suit has been brought in the name of the government itself. Judgment affirmed.