## THE ALICE, etc.

(*District Court, S. D. Florida.* July 14, 1882.)

1. EVIDENCE.

That a party had but one bill of lading and did not deem it prudent to incur the risk of the sea voyage from Antwerp, when it *might* be needed in more important suit, not deemed sufficient to admit in evidence a paper certified by United States consular certificate to be a true copy.

2. CONSULAR CERTIFICATE.

A consular certificate is not evidence.

In Admiralty.

LOCKE, D. J. This is a suit for damages and possession of cargo. The libellant presents by his proctor a paper certified by the United States consul at Antwerp to be a correct copy of an original bill of lading in the possession of Weber, the libellant, and asks that it be accepted as evidence in lieu of the original, upon the grounds that "libellants have but one copy of the original bill of lading, and they deem it best not to expose that to the risk of long sea voyages before they can judge where their principal claim must be enforced." This refers to the fact of a fraudulent shipment and false bills of lading which have appeared in other suits against the same property, and

which have presumably given the libellants (they being consignees of a portion of the cargo and having made large advances thereon) an action against the shipper; and as the amount which can be recovered from this suit is but trifling when compared with that involved, the reason for withholding the original appears plausible; but when more closely examined I am not of the opinion that it offers such an excuse as would justify such a wide departure from the general rule of requiring primary evidence as permitting the introduction of the paper presented would require.

It is much better that private interests and individual cases suffer delay, rather than that the rules of practice and evidence established by the accumulated wisdom of generations in successive decisions should be broken easily down or ignored; and if the libellants have the originals, the production of them can be but a question of time, notwithstanding other interests. The general rule which requires the best evidence, namely, the introduction of the original documents embodying contracts, has, it is true, certain exceptions; but in every case such exception is based upon the inability of the party to procure the original; and this has been so repeatedly affirmed, and so conclusively established, that it can but be recognized as binding. The certificate attached to the copy states, and the libellants acknowledge, that the original is in their possession, and this takes the case from the rule of exceptions. I have been referred to no case, nor have I been able to find one, where the inconvenience of parties or prospect of an original being required in another suit has been considered sufficient reason for the acceptance of a copy in evidence.

International commerce is of too great importance to have the possibility of success of fraud made any greater by breaking down any of the well-established protections for such documents as bills of lading or of exchange; and although there are no suspicious circumstances connected with this case, nor have I personally any doubt of the integrity and validity of the libellant's cause, I do not consider that they have brought themselves within the rule which would authorize the acceptance of secondary evidence. Greenl. Ev. § 84, and note; *Renner* v. *Bank of Columbia*, 9 Wheat. 581; *Sebree* v. *Dorr*, Id. 558; *Hart* v. *Yunt*, 1 Watts, 253; *U. S.* v. *Reyburn*, 6 Pet. 352; *Cornet* v. *Williams*, 20 Wall. 226; *U. S.* v. *Laub*, 12 Pet. 1; Stephen, Ev. arts. 66, 67.

There is another point which would rule out the copy as authenticated were the one considered insufficient. It has been conclusively decided in the courts of the United States that a consular certificate

cannot be accepted as evidence except where it has been made such by statute, (*Levy* v. *Burley*, 2 Sumn. 355; *Church* v. *Hubbart*, 2 Cranch, 187; *U. S.* v. *Mitchell* 2 Wash. C. C. 188;) and although the acts of August 18, 1856, and of January 8, 1869, have added some force to consular certificates, and given consuls new powers in taking depositions, the law has not been changed in the points in question.

The application to admit the testimony must be denied, but time will be granted to procure the original of the bill of lading, or make a more satisfactory accounting for its absence.