## ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY *v.* BURTON.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

Submitted April 21st, 1884.—Decided May 5th, 1884.

*Evidence—Naturalization.*

It is not necessary that a transcript of a decree of naturalization should be accompanied by a certificate that the judge of the court was commissioned and qualified, in order to entitle it to be received in evidence.

The defendant in error commenced this action against the plaintiff in error as a common carrier in a State court. The cause was removed to the Circuit Court of the United States on the allegation that the plaintiff below was an alien. In the Circuit Court the plaintiff below moved to remand the cause, averring that he was a citizen by reason of the naturalization of his father. Proof was offered of the father's naturalization, which was received by the court against the objection of the defendant below, and an order was made remanding the cause. The

defendant below brought the case here by writ of error to review that order. The defendant in error moved to dismiss the writ of error and to affirm-the judgment.

*Mr. Enoch Totten* for defendent in error in support of the motion.

No brief filed in opposition.

Mr. Chief Justice Waite delivered the opinion of the court.

The order remanding this case is affirmed. The act of March 3d, 1875, c. 137, sec. 5, 18 Stat. 470, makes it the duty of the Circuit Court to remand a suit which has been removed from a State court when it satisfactorily appears that the " suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court." The exemplification of the record of the naturalization of Moses Burton, which was offered in evidence, did not require, to complete its authentication, the certificate of the clerk under the seal of his office that the judge of the court was duly commissioned and qualified. The certificates may be to some extent defective in form, but we think the record as a whole could properly be considered by the judge on the question of remanding the cause.

*Affirmed.*