## NATIONAL ACC. SOC. v. SPIRO.

(Circuit Court of Appeals, Second Circuit. May 25, 1899.)

### No. 23.

JUDGMENT AS EVIDENCE—AUTHENTICATION OF RECORD.

A judgment of a federal court may be proved in another federal court by an exemplified copy of the record containing the judgment, under the seal of the court and authenticated by the certificate of the deputy clerk. Every federal court is presumed to know the seal of every other federal court, and it will also be presumed in favor of the certificate of the deputy that the clerk was absent when it was made.

In Error to the Circuit Court of the United States for the Southern District of New York.

This is a writ of error by the defendant in the court below to review a judgment for the plaintiff, the action having been brought upon a judgment in favor of the plaintiff and against the defendant rendered by the circuit court of the United States for the Eastern district of Tennessee.

Roger A. Pryor, for plaintiff in error.
Hamilton Wallis, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges, and THOMAS, District Judge.

PER CURIAM. The only question which has been argued at the bar is as to the validity of the objection made to the admission in evidence of the record of the judgment of the circuit court of the United States for the Eastern district of Tennessee. The record purports to be an exemplified copy of the original proceedings in the cause, including the judgment itself, is attested by the seal of the court, and is authenticated by the certificate of the deputy clerk of the court. Whether the record is sufficiently authenticated, pursuant to the provisions of section 905 of the Revised Statutes of the United States, is a question which need not be considered. The statute provides the mode of proof of the records and judicial proceedings of the courts of any state or territory, and has no application to those of the courts of the United States. Records may be proved by exemplifications (copies under seal), by office copies, and by sworn copies. Greenleaf states that "copies of records in judicial proceedings, under seal, are deemed of higher credit than sworn copies, as having passed under a more exact critical examination." 1 Greenl. Ev. § 503. The rule is that every country recognizes the seals of its own tribunals without any further proof accompanying them. Delafield v. Hand, 3 Johns. 313. Each circuit and district court of the United States is presumed to know the seals of every other circuit and district court of the United States, as each state court within a state is presumed to know and recognize the seal of every other court of record within the same state. In Turnbull v. Payson, 95 U. S. 424, it was held that the record of a district or circuit court of the United States may be proved in any other circuit or district court of the United States by a certificate of the clerk, under the seal of the court, without the certificate of the judge that the attestation is in due form.

Although the certificate here was made by the deputy clerk, that officer is by statute authorized, in the absence of the clerk, to do and perform all the duties pertaining to the office; and, in general, a deputy of a ministerial officer can do every act which his principal might do. The Confiscation Cases, 20 Wall. 111. We are at liberty to presume, in favor of the proper discharge of official duty, that the clerk was absent at the time. Rankin v. Hoyt, 4 How. 327; U. S. v. Crusell, 14 Wall. 1; Doughty v. Hope, 3 Denio, 253, 1 N. Y. 79; Mosher v. Heydrick, 45 Barb. 549. The objections were correctly overruled, and the judgment is affirmed, with costs.