## UNITED STATES v. LEW POY DEW.

### (District Court, N. D. New York. January 24, 1903.)

1. JUDGMENT—CHINESE ALIEN—RIGHT TO REMAIN IN UNITED STATES—PROOF OF ADJUDICATION.

In a proceeding for the deportation of a Chinese person, a certificate, signed by a United States commissioner, that complaint was presented before him charging that the defendant was unlawfully within the United States, and that the defendant was brought before him, and that upon full hearing it was adjudged by him that the defendant had a lawful right to be and remain in the United States, and he was accordingly discharged, is inadmissible in proof of a prior adjudication of defendant's right to remain in this country; it not being a certified copy of such adjudication, but a mere recital that such judgment had been rendered.

### Appeal from Judgment of United States Commissioner.

The defendant appeals from a judgment of deportation made by Benjamin L. Wells, as United States commissioner for the Northern district of New York, on the 31st day of October, 1902. This judgment, after fully reciting the proceedings, adjudges as follows: "I now hereby find and adjudge that the said Lew Poy Dew is a Chinese person and a laborer, is not a citizen of the United States, that he is not a diplomatic or other officer of the Chinese or any other government, and that he unlawfully entered the United States, as charged in said complaint. And I further adjudge him, said Lew Poy Dew, guilty of not being lawfully entitled to be or remain in the United States. I further find and adjudge that he, said Lew Poy Dew, came from the dominion of Canada; but he has not made it appear to me that he was a subject or a citizen of some other country than China. I further find and adjudge that he, said Lew Poy Dew, entered the United States on or about the 23d day of July, 1902, without having a certificate, required by law, entitling him to enter the United States. Then follows the clause ordering deportation, etc. The appeal rests upon alleged error in rejecting a certificate

---

¶ 1. Citizenship of Chinese, see notes to Gee Fook Sing v. U. S., 1 C. C. A. 212, and Lee Sing Far v. U. S., 35 C. C. A. 332.

presented by the defendant on the trial and offered in evidence. The certificate is in the words and figures following:

"United States of America, District of Vermont.

"Before me, Felix W. McGettrick, a commissioner of the circuit court of the United States within and for said district, complaint was presented by John H. Senter, United States attorney within and for said district, charging in substance that on or about the 1st day of June, 1897, at Richford, Vt., in said district, Lew Poy Dew, in violation of section —— of the Revised Statutes of the United States, did unlawfully come and was in the United States, and on the 1st day of June, 1897, defendant was brought before me, the said commissioner, at my office in St. Albans, in said district, and upon full hearing on said charge, the said district attorney being present, it was adjudged by me that said Lew Poy Dew had the lawful right to be and remain in the United States, and he was accordingly discharged.

"Given under my hand and seal at St. Albans, in the district of Vermont, this 1st day of June, 1897.                        Felix W. McGettrick,
          "United States Commissioner for the District of Vermont."

The defendant offered no other evidence as to his right to be or remain in the United States. On the hearing before the commissioner the defendant by his counsel admitted "that the defendant is a Chinese person, not a member of the exempt class, that he came into the United States from the dominion of Canada, and was apprehended as charged in the complaints and warrants in these cases." The complaint and warrant charges "that on or about the 23d day of July, A. D. 1902, at Burke, N. Y., in said district [Northern district of New York], Lew Poy Dew, a Chinese person and laborer, in violation of the Chinese exclusion laws and of the Revised Statutes of the United States, did unlawfully enter, and was then and there found not lawfully in, the United States of America, contrary to the form of the statute of the United States of America in such case made and provided."

Geo. B. Curtiss, U. S. Dist. Atty.
R. M. Moore, for defendant.

RAY, District Judge (after stating the facts as above). The question presented on this appeal is whether the certificate above recited was admissible in evidence for any purpose. The defendant relied upon it as evidence or proof that it has been duly adjudicated by a competent tribunal or officer that on the 1st day of June, 1897, the defendant, Lew Poy Dew, did not unlawfully come into, and was not then unlawfully within, the United States, and that he had the lawful right to be and remain in the United States. This certificate is not, and does not purport to be, the judgment or decision of the United States commissioner, Felix W. McGettrick, or a copy thereof. It is a mere recital of certain alleged official acts or transactions of McGettrick as United States commissioner, and of certain proceedings alleged to have been had before him. It is a mere recital of past transactions, and is equivalent to a written statement, made and signed by the judge of a court, that he had at a certain time adjudged and determined that certain facts did or did not exist, and had given judgment accordingly. This certificate does not purport to be a copy or a transcript of any decision made, or of any judgment rendered, in any legal proceeding. It is not a certificate authorized by any law, and therefore not an official act of said commissioner. It is not a return or statement made to any official or department of the government, but merely a roving general certificate, and is no more evidence in a court of justice to establish the facts recited than would be a letter from

the clerk of a court to the complainant in an action that he had entered a judgment, reciting its terms, in his favor on a certain day.

The judgment or determination of a court, or of an officer thereof authorized to render one, may be proved in two ways: By the original records duly identified, and, if from another court, duly proved; or by a duly certified and authenticated copy. Society v. Spiro, 37 C. C. A. 388, 94 Fed. 750. O'Hara v. Railroad Co., 22 C. C. A. 512, 76 Fed. 718. Such is the rule in the various states. Handly v. Greene, 15 Barb. 602; Baker v. Kingsland, 10 Paige, 366; Lansing v. Russel, 3 Barb. Ch. 325. These cases state the rule as held and applied in the courts of the United States.

In Society v. Spiro, supra, the court says that section 905, Rev. St. [U. S. Comp. St. 1901, p. 677], has no application to the proof of judgments of the United States courts rendered in one jurisdiction in those of another. But in O'Hara v. Railroad Co., supra, it is stated that it is the uniform practice to follow the requirements of that section in authenticating the records of the United States courts.

In Turnbull v. Payson, 95 U. S. 418, 24 L. Ed. 437, it is held:

"The record of a district court of the United States is not within the act of congress approved May 26, 1790 (1 Stat. 122), prescribing the mode in which the records and judicial proceedings of the state courts shall be authenticated, but is, when duly certified by the clerk under its seal, admissible as evidence in every other court of the United States."

Says the court:

"Circuit and district courts of the United States certainly cannot be considered as foreign in any sense of the term, either in respect to the state courts in which they sit, or as respects the circuit or district court of another circuit or district. On the contrary, they are domestic tribunals, whose proceedings all other courts of the country are bound to respect, when authenticated by the certificate of the clerk under the seal of the court; the rule being that the circuit court of one circuit, or the district court of one district, is presumed to know the seal of the circuit court or district court of another circuit or district, in the same manner as each court within a state is presumed to know and recognize the seal of any other court within the same state."

Says Wharton (2 Law Ev. 3d Ed.):

"At the same time it must be remembered that records of a federal court, certified to by the clerk of the court under the seal of the court, without the certificate of the chief judge, may be received by other federal courts."

While a United States commissioner has no clerk, and it may be that where a certified copy of his records is admissible, if there be such a case, his own certificate is sufficient, the difficulty with the certificate offered in evidence is not obviated on such theory. The commissioner did not make a copy of his records or judgment, and certify that, but certifies in a general way that he did certain things and made certain adjudications. This is not the best evidence, or even the best secondary evidence; and, within the rule that requires the best evidence when obtainable, the certificate was properly rejected. No authority is found that would justify the admission in evidence of this certificate. 2 Freem. Judgm. (4th Ed.) § 407, p. 715, and cases there cited:

"But if the party offering a record does so in support of a plea of res judicata, or to show that he has acquired or his adversary has lost some title or right either by the judgment alone or by it and proceedings taken for

its enforcement, 'the whole record, so far as it concerns the formal stages, must be either produced or exemplified, and, if exemplified, the exemplification must show on its face that the record is complete and is regular, nor can the record be patched with parol.' A certificate of the result of the record, by whomsoever made, is not admissible. Hence a certificate, though under the hand of the clerk of a court and attested by its seal, that a divorce was decreed by the court, 'as will more fully appear by the record of the proceedings in this office,' is not admissible, because 'an official certificate of what is contained in a record, docket, deed, or other instrument is not admissible in evidence, unless made so by statute.' Nor can a paper be admitted which is certified to be an extract from the record."

In Oakes v. Hill, 31 Mass. 442, it was held:

"The recording officer of religious and other corporations may make copies of his records, and his certificate will be evidence of the verity of the copy; but it is no part of his duty to certify facts. Wherefore, where the clerk of a religious society certified simply 'that the plaintiff, at his own request, had ceased to be a member of the society,' it was held that the certificate was not legal evidence of that fact."

While this is not the case of a judgment, it illustrates one principle contended for, that the certificate of an officer is worthless as evidence unless the making of it was an official duty, and even then it is not evidence except so far as made such by some statute. No more loose, dangerous, and unsatisfactory mode of proving the judgment of a court could be devised than to permit the introduction in evidence, against objection, of the mere unsworn statement of a commissioner that he has made a certain adjudication, when there is no statute making it his duty to make such a certificate. It is not the best evidence, nor is it sworn evidence, nor is it made evidence by any statute. "A consular certificate is not evidence of any act, except as provided by statute." The Alice (D. C.) 12 Fed. 923; Levy v. Burley, 2 Sumn. 355, Fed. Cas. No. 8,300; Church v. Hubbart, 2 Cranch, 187, 2 L. Ed. 249; U. S. v. Mitchell, 2 Wash. C. C. 478, Fed. Cas. No. 15,791. There is far less reason for admitting in evidence the mere certificate of a United States commissioner as to the terms and effect of some adjudication made by him.

Evidence was given that this man McGettrick was engaged in the business of making and selling such certificates. While this fact alone would not invalidate this certificate, were it made evidence by some statute, it shows the wisdom of the rule which requires judgments to be proved by the originals or by proved copies, as stated in the Spiro Case. The doctrine is old that the best and highest evidence in the power of a party must be produced. No case cited by the learned counsel for the defendant conflicts with this rule. In Ballew v. U. S., 160 U. S. 187, 16 Sup. Ct. 263, 40 L. Ed. 388, a duly certified copy was produced, and it was held that section 882, Rev. St. [U. S. Comp. St. 1901, p. 669] was substantially complied with. In Railroad Co. v. Burton, 111 U. S. 788, 4 Sup. Ct. 699, 28 L. Ed. 604, there was a transcript of the decree of naturalization. In U. S. v. Bell, 111 U. S. 477, 4 Sup. Ct. 498, 28 L. Ed. 477, there was a certified transcript from the books of the treasury department. In Moses v. U. S., 166 U. S. 571, 17 Sup. Ct. 682, 41 L. Ed. 1119, there were transcripts from the books of the treasury department, and these were held sufficient within section 886, Rev. St. [U. S. Comp. St. 1901, p. 670]. In

Stearns v. Lawrence, 28 C. C. A. 66, 83 Fed. 738, it was held that under the provisions of the constitution of the state of Michigan, which require that the decisions of the supreme court be in writing and signed by the judges and filed in the clerk's office, the opinion of that court so filed in a case is competent evidence of the questions adjudicated therein in a subsequent action wherein that decision was sought to be used as an estoppel. None of these cases afford the slightest support to the contention of the defendant here.

The commissioner was neither required nor authorized to make this certificate, and it is doubtful if he could be punished, should it appear that it is false in all its statements. Clearly it is not evidence or admissible for any purpose. It is unnecessary to consider its effect if admissible. The certificate does not state upon what ground or for what reasons the commissioner then determined that the defendant was entitled to be and remain in the United States. He had left the United States, and came back in 1892, and entered illegally. We find a photograph of the defendant attached to this certificate, but there is no evidence to show when it was attached. There is no pretense that this certificate is evidence of the right of the defendant to be or remain in this country, except on the theory of res judicata, which claim, as we have seen, is untenable.

It follows that no error was committed in rejecting the certificate, and, as the defendant offered no other evidence, the judgment of deportation must be affirmed. It is so ordered.