Ex parte LUNG FOOT.

(District Court, N. D. New York. November 22, 1909.)

1. ALIENS (§ 32*)—EXCLUSION OF CHINESE—PROCEEDINGS AND REVIEW.

The decision of an immigration inspector that a Chinese person was not entitled to re-enter the United States as a native of this country, if made after a full and fair hearing and affirmed on appeal by the department, is final.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*]

2. ALIENS (§ 32*)—PROCEEDINGS FOR DEPORTATION OF CHINESE—EVIDENCE—"JUDGMENT."

A certificate, made by a United States commissioner, that a certain Chinese person was tried before him for being unlawfully in the United States and discharged, is not a "judgment," nor copy of a judgment, and is not admissible in evidence to prove the fact so recited.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*

For other definitions, see Words and Phrases, vol. 4, pp. 3827–3842; vol. 8, pp. 7695, 7696.]

3. ALIENS (§ 32*)—EXCLUSION OF CHINESE—FINALITY OF DECISION.

A Chinese person, denied admission to the United States after a full and fair hearing, who accepts such decision and deportation without appealing, is concluded thereby, and cannot, by applying for entry at a different port, have a rehearing on the same questions.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*]

In the matter of the application of Lung Foot for writ of habeas corpus. Writ dismissed.

H. E. Owen, for the United States.
George J. Moore, for petitioner.

RAY, District Judge. The only question at issue before the Chinese inspector and inspector of immigration of the United States, E. G. Sperry, was whether Lung Foot was born in the United States. The burden was on him to prove this fact to the satisfaction of said inspector. The Supreme Court has decided that a Chinese person cannot prevail in habeas corpus proceedings by showing that the decision of the inspector was wrong. If a fair, full hearing was given and had, full opportunity to present evidence, and a question of fact was presented and decided, and the action taken was not arbitrary, then the decision of the inspector, affirmed by the department, is final. Chin Yow v. United States, 208 U. S. 8, 11, 28 Sup. Ct. 201, 52 L. Ed. 369; United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040.

There was no oral testimony sufficient to establish that said Lung Foot was born in the United States. A certificate of one Felix W. McGettrick, formerly United States commissioner for the district of Vermont, was presented, dated February 22, 1897, certifying that on February 19, 1897, one Lung Foot was tried on the charge that, in violation of a section of the Revised Statutes of the United States he "did unlawfully come and was within the United States"; that he was tried on such charge, and "upon a full hearing upon said charge * * * it was adjudged by me that said Lung Foot had the lawful

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right to be and remain in the United States, and he was accordingly discharged." This is not a judgment, or a copy of a judgment or decision. There is no law authorizing such a certificate, or making it evidence. Ah How v. United States, 193 U. S. 65, 78, 24 Sup. Ct. 357, 48 L. Ed. 619. Again, it is partly printed and partly written, and the written parts which give days of the month and the name of the person alleged to have been tried and discharged are in a different handwriting and ink from the other written parts, showing that the one who filled it out did not have Lung Foot in mind when he put in the main portion of the writing. It was long ago shown before this court that these certificates were issued promiscuously by McGettrick for a consideration. A weak attempt was made to show by oral evidence that such a trial was had, and that it was then shown that Lung Foot was born in the United States. This alleged fact is not satisfactorily proved, even if such a judgment can be proved by parol. If the evidence shows anything, it establishes that McGettrick took no evidence in writing, made no written decision, and entered no judgment. He is living in Boston, Mass., and he gives no evidence. The ground of Lung Foot's discharge, if he was tried and discharged, is not satisfactorily shown. It does not satisfactorily appear that it was adjudged that he was born in the United States.

The return shows that Lung Foot went to China, and with this certificate in his possession attempted to smuggle himself into the United States by way of Mexico and Texas in September, 1908; that he was arrested on a warrant duly issued by a United States commissioner and given a hearing, and that he then and there produced this same certificate. He offered no evidence, except his own statement. On that statement and certificate he was ordered deported, and was deported as not having established his right to enter the United States. No appeal was taken. In 1909 he renewed his attempt to enter by way of Malone, N. Y., and this is the resulting proceeding. It seems to me that the proceeding before Inspector Barnard in Texas, in 1908, brought up the alleged proceedings in Vermont in February, 1897, and what occured then. Lung Foot then and there had an opportunity to present all his evidence and to have a full and a fair hearing. So far as appears, he did have. It seems to me that his rejection at that time is final as to the questions presented here. Every question presented here could have been presented and decided there. Clearly the inspector necessarily decided that Lung Foot was not born in the United States, and that it had not been determined by Commissioner McGettrick that he was born here.

Can a Chinese person claim admission at one port of entry on the ground he was born in the United States, accept an adverse decision by the inspector in charge, submit to deportation, and then apply at another port of entry, before another inspector, and have the whole matter reconsidered and re-examined? I think not. There must be a final and a conclusive determination somewhere, at some time, and it cannot be that a Chinese person is entitled to a rehearing on the question of his place of birth and consequent citizenship on additional or even newly discovered evidence every time he sees fit to raise the

question by making a new application for admission. Persons of Chinese descent seeking admission to the United States may select the port of entry at which they will apply, or, if they do not apply at all, may seek to enter clandestinely; but they take the chances of a trial or hearing before the tribunal or officer having jurisdiction where arrested.

Lung Foot sought deliberately to enter by way of Mexico and Texas. He was arrested, given a full and fair hearing before a commissioner of the United States, who had evidence before him of the Vermont proceeding, presented by Lung Foot; and the commissioner necessarily decided that Lung Foot was not born in the United States, and that the Vermont proceeding before McGettrick did not adjudicate that he was. The petitioner had the right to appeal to the Commissioner of Commerce and Labor, and, if the decision was adverse, to test his right on habeas corpus. He took no appeal, but, as stated, submitted to that decision, and was deported accordingly. Those questions cannot be retried. Chin Yow v. United States, 208 U. S. 11, 28 Sup. Ct. 201, 52 L. Ed. 369; United States v. Ju Toy, 198 U. S. 253, 260, 25 Sup. Ct. 644, 49 L. Ed. 1040; United States v. Sing Tuck, 194 U. S. 161, 166, 24 Sup. Ct. 621, 48 L. Ed. 917; Lem Moon Sing v. United States, 159 U. S. 538, 15 Sup. Ct. 967, 39 L. Ed. 1082.

The record here shows (1) that all the questions raised were determined adversely to the petitioner in 1908, by a United States commissioner having jurisdiction of the person and subject-matter, and that no appeal was taken; and (2) that it was not satisfactorily shown to the inspector that Lung Foot was born in the United States. He was therefore properly excluded.

The writ is dismissed, and Lung Foot remanded to be dealt with according to law.