## HENDERSON et al. v. DENIOUS.

### (Circuit Court of Appeals, Eighth Circuit.   March 13, 1911.)

### No. 3,018.

JUDGMENT (§ 721*)—PRIOR DETERMINATION—CONCLUSIONS—RES JUDICATA.

A bankrupt having paid certain funds to defendants who were attorneys in Arkansas, the trustee filed petition for re-examination of the transaction in the bankruptcy court in Colorado where the bankruptcy proceedings were pending, and, no appearance having been entered, an order was made by the referee requiring defendants to pay over the major portion of such fund. Defendants appealed from such order denying the court's jurisdiction, and this question, having been certified to the United States Supreme Court, was decided against them, after which the trustee brought suit against defendants to recover the money pursuant to such order. *Held*, that such former proceedings were conclusive both as to the jurisdiction of the Colorado bankruptcy court and as to the merits of defendants' liability re-examined therein, and hence, in the action to recover the funds, defendants were not authorized to plead in defense that the funds were not the property of the bankrupt, but had been paid to defendants by him as agent for another.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1252; Dec. Dig. § 721.*]

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

Action by Wilbur F. Denious, trustee in bankruptcy of the estate of Roger H. Williams, against Jethro P. Henderson and another. Judgment for plaintiff, and defendants bring error. Affirmed.

T. M. Mehaffy, H. M. Armistead, and W. P. Smith, for plaintiffs in error.

W. H. Martin and H. W. Currey, for defendant in error.

Before VAN DEVANTER, Circuit Judge, and CARLAND and POLLOCK, District Judges.

POLLOCK, District Judge. This case is an echo from the operations of the widely known Boatright gang of fake foot racers. The facts, in so far as material to decision of the controversy presented, may be briefly summarized as follows:

Roger H. Williams, a citizen and resident of the state of Colorado, one of the Boatright gang, on December 5, 1902, in the state of Arkansas, delivered to plaintiffs in error (for sake of brevity, hereinafter designated as "Henderson & Wood") the sum of $9,795 in cash and certificates of deposit in bank. On January 8, 1903, creditors of said Williams instituted a proceeding in bankruptcy against him in the bankruptcy court of the state of Colorado, in which proceeding, in due course of time, an adjudication of bankruptcy was entered, and defendant in error (hereinafter designated as the "trustee") was duly appointed and qualified as trustee of said estate in bankruptcy.

Thereafter the trustee filed before the referee in the bankruptcy court of Colorado a petition alleging the payment of said sum of money to Henderson & Wood; that the payment was made by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bankrupt in contemplation of the filing of a petition in bankruptcy against him; that it was in payment of legal services thereafter to be rendered by said Henderson & Wood to the bankrupt; the institution of the bankruptcy proceeding; the order of adjudication and the selection and qualification of the plaintiff as trustee in bankruptcy, and praying the transaction between the bankrupt and Henderson & Wood be re-examined as provided by section 60d of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3446]). Twenty days' notice of the filing of this petition and the date set for the hearing thereof in the bankruptcy court in the nature of a notice to show cause was given Henderson & Wood in the state of Arkansas. Thereafter, and on the 1st day of August, 1905, Henderson & Wood having failed to appear in response to said notice and show cause why said transaction should not be re-examined, the referee on the petition of the trustee proceeded to a re-examination of said transaction and made and caused to be entered the following order:

"In the District Court of the United States for the District of Colorado.

"In re R. H. Williams, Bankrupt.

"At a court bankruptcy, held at the office of George M. Irvin, one of the referees in bankruptcy, at the city of Colorado Springs, in El Paso county and state of Colorado, the first day of August, A. D. 1905.

"The matter of the application and petition of Wilbur F. Denious, trustee in bankruptcy of R. H. Williams, bankrupt, to have the court re-examine the transaction by which R. H. Williams, bankrupt, in contemplation of the filing of a petition in bankruptcy against him on or about the 5th day of December, A. D. 1902, and within four months from the date of the filing of the petition in bankruptcy herein transferred to J. B. Wood and Jethro P. Henderson, attorneys at law, the sum of five thousand dollars in cash, and one certificate of deposit for the sum of three thousand dollars issued by the Security Bank of Hot Springs, Arkansas, to the said bankrupt and one certificate of deposit for one thousand seven hundred and ninety-five dollars issued by the Arkansas National Bank of Hot Springs, Arkansas, to the bankrupt, for professional services as attorneys at law to be rendered to the said R. H. Williams under the provisions of section 60d of the bankruptcy law of 1898, coming on for hearing; and it appearing to the court from the evidence that a copy of this application, together with a copy of the order to show cause issued thereon returnable on the 20th day of June, A. D. 1905, was duly served on the said J. B. Wood and Jethro P. Henderson on the 26th day of May, 1905; and the said J. B. Wood and J. P. Henderson not having appeared on the said 20th day of June, 1905, herein or shown to this court any cause why this court should not proceed to re-examine the said transaction; and it further appearing to the court that the matter of the said hearing has been duly continued from the said 20th day of June until the 1st day of August, 1905, and that due notice of such continuation has been served upon the said James B. Wood and Jethro P. Henderson, and that the said J. B. Wood and Jethro P. Henderson are fully advised that this hearing was duly had on this day, and the said J. B. Wood and Jethro P. Henderson not having shown cause against the said application and the court having heard the evidence on the part of the said trustee in support of the said application and the arguments of counsel thereon, and the court being fully advised as to all matters of facts and law arising thereon, the court doth find and adjudge that the said R. H. Williams, in contemplation of the filing of a petition in bankruptcy against him, did on the 5th day of December, 1902, transfer to the said J. B. Wood and Jethro P. Henderson, attorneys at law, for services to be rendered, the sum of five thousand dollars, lawful money of the United States, and one certificate of deposit for the sum of three thousand dollars issued by the Security Bank of Hot Springs, Arkansas, to the said R. H. Williams, and one certificate of de-

posit issued by the Arkansas National Bank of Hot Springs, Arkansas, to R. H. Williams, for the sum of one thousand seven hundred and ninety-five dollars, the said two certificates of deposit having since been collected by the said J. B. Wood and Jethro P. Henderson. And the court doth find on re-examination of the said transaction that the sum of eight hundred dollars is reasonable compensation for the services rendered the said bankrupt under the terms of the transaction by which the said money and property was transferred to the said J. B. Wood and Jethro P. Henderson, and doth find and adjudge that the said transaction is valid to that extent only which the court determines and adjudges to be the reasonable value for said services.

. "It is therefore ordered, adjudged, and decreed that the said transaction is void, except as to the said sum of eight hundred dollars, so adjudged to be the reasonable value of said services, and that the trustee herein proceed to recover the excess, to wit, the sum of eight thousand nine hundred and ninety-five dollars from the said J. B. Wood and Jethro P. Henderson.

"Geo. M. Irvin, Referee."

After the making and entry of this order, Henderson & Wood appeared before the referee and challenged the jurisdiction of the bankruptcy court to make said order against them and caused the question of the jurisdiction and power of the referee in this respect to be certified to the District Court of Colorado for review. Thereafter that court reviewed the question presented and on the 7th day of November, 1905, caused to be made and entered the following order, by its judgment approving and confirming the order theretofore made by the referee, as follows: .

"In the Matter of R. H. Williams, in Bankruptcy, No. 836.

"This matter having heretofore come on to be heard upon the certificate of the referee, upon the question of his jurisdiction to enter an order fixing the reasonable compensation of James B. Wood and Jethro P. Henderson, attorneys at law, for legal services to be rendered to the bankrupt, and having been argued by counsel, William L. Dayton, Esq., appearing as solicitor for Wilbur F. Denious, trustee, and Geo. L. Nye, Esq.. appearing as solicitor for Wood & Henderson, and having been taken under advisement, and thereupon on consideration thereof, it is ordered by the court that the ruling and order of the referee be and the same is hereby in all things approved and confirmed."

Thereupon Henderson & Wood appealed to this court to obtain a review and reversal of the judgment of the District Court of Colorado. The question of the jurisdiction and power of the bankruptcy court of Colorado to make a re-examination of the transaction which occurred between the bankrupt and Henderson & Wood in the state of Arkansas as against citizens and residents of the state of Arkansas, on the notice given, was certified to the Supreme Court and by that court answered in favor of the jurisdiction of the court. Thereupon the judgment of the District Court of Colorado was affirmed by this court in the following order:

"In re James B. Wood and Jethro P. Henderson, Petitioners.

. "On Petition for Review.

"This matter came on to be heard on the petition for review and the exhibits thereto, consisting of a transcript and certain papers and proceedings in the District Court of the United States for the District of Colorado, and was argued by counsel.

"On consideration whereof, it is now here ordered, adjudged, and decreed by this court that the order and decree of the District Court of the United-

States for the District of Colorado, entered on the 8th day of December, A. D. 1905, in the matter of R. H. Williams, bankrupt, in bankruptcy, which said order and decree approved and confirmed the order and finding of the referee in said matter, entered on the 2d day of August, A. D. 1905, adjudging and fixing the compensation of Wood & Henderson as the attorneys of the said bankrupt, be, and the same is hereby, in all respects approved and confirmed, on the authority of the mandate of the Supreme Court of the United States in this cause, in response to certain questions certified to it, and that a certified copy of this decree be forthwith transmitted to the said District Court.

"It is further ordered, adjudged, and decreed by this court that the petition for review be, and the same is hereby, dismissed at the costs of the petitioners and that the respondent, Wilbur F. Denious, as trustee of the estate of R. H. Williams, bankrupt, have and recover against the petitioners, James B. Wood and Jethro P. Henderson, the sum of twenty dollars for his costs in this behalf expended and have execution therefor. October 1, 1908."

Thereafter this action was brought by the trustee based on the order of the referee of the bankruptcy court of Colorado, as approved and confirmed by the District Court and this court, to recover the amount in the hands of Henderson & Wood, as found in said order, in excess of a reasonable fee for the legal services by them performed for the bankrupt. On the trial of the case below the plaintiff offered, and there was received in evidence, the order of the court adjudging Williams a bankrupt, the order appointing the trustee in bankruptcy, the order of the referee made on re-examination of the transaction between the bankrupt and Henderson & Wood, and the judgment of the District Court affirming said order. To the order of the referee, and that of the court confirming it, objection was made based on the ground the petition on which the orders were based was not offered in evidence. And by way of defense to the action Henderson & Wood made the following offers of proof: That the sum of money paid to them by the bankrupt was paid as an agreed fee for defending Williams and nine others in certain criminal proceedings instituted against them in the state and federal courts of Arkansas. That the money by them received from the bankrupt was not his property, but was the property of one Robert Boatright. That the money received by them was not received for services to be rendered Williams in contemplation of bankruptcy. That at the time the transaction occurred Williams was not in bankruptcy, and they had no knowledge whatever of his financial condition and relied on his statement that the money belonged to Boatright. That they did defend in said criminal cases, and in the event of conviction prosecuted proceedings to the Supreme Court of the state. That a portion of said criminal cases were still pending. That the bankrupt never advised with them concerning any proceeding in bankruptcy against him. That they at no time represented Williams in his bankruptcy proceeding. That they defended the proceeding instituted against them by the trustee in the bankruptcy court of Colorado to obtain a re-examination of the transaction between the bankrupt and themselves only by resisting the jurisdiction of the court. That they were citizens of the state of Arkansas at the time the proceeding in the bankruptcy court was instituted against them by the trustee. That they were not served with any process except a notice by mail, from the referee in bankruptcy

for the District of Colorado, of the proceedings there instituted against them, and of the day and place of hearing. All of which offers were excluded by the trial court and a verdict was directed in favor of the trustee for the amount of money delivered by the bankrupt to Henderson & Wood, less the sum of eight hundred dollars in accordance with the prayer of the petition.

Many assignments of error based on these rulings of the trial court are presented.

[1] From the facts stated, it is apparent the question of the jurisdiction of the bankruptcy court of Colorado over the subject-matter of the re-examination of the transaction between the bankrupt and Henderson & Wood is finally and conclusively settled. It is further determined by the decision of the Supreme Court the bankruptcy court of Colorado was the only court under the provisions of the bankruptcy law having jurisdiction and power to re-examine the transaction. In re Henderson & Wood, 210 U. S. 246, 28 Sup. Ct. 621, 52 L. Ed. 1046. Therefore the only question arising on this state of the record is the effect which shall be given the order of the referee re-examining the transaction and the judgment of the bankruptcy court of Colorado confirming the same.

The contention of Henderson & Wood, as plaintiffs in error, in this respect, is twofold: (1) The order of the referee and that of the District Court confirming it were inadmissible in evidence unless the petition on which such orders were based was also offered in evidence in their support as a proper foundation therefor; (2) the trial court erred in rejecting the offers of proof made by them on the trial, for that, if said offers had been received it would have been shown thereby the jurisdictional facts requisite under section 60 of the bankruptcy act to support the proceedings before the referee on which the orders were based did not in fact exist; therefore, the orders are void and of no force and effect.

As these contentions form the basis for all the assignments of error presented and discussed, and go to the nature of the proceeding in which the order of the referee, confirmed by the court, was made, and the effect to be given such order and judgment in this case, they may be considered together.

As has been seen, the parties to this controversy are identical with those in which the order of the referee was made. The attack here attempted to be made on that order is purely collateral in its nature. The jurisdiction of the court in which the order was entered over both the subject-matter of the proceeding and the persons of the defendants therein is conclusively settled and established by the former proceedings and is the law of this case. Not only so, but it is further conclusively settled as the law of this case, the bankruptcy court of Colorado, in which the order and judgment forming the basis of this · controversy was entered, was the only court possessing jurisdiction to re-examine the transaction between the bankrupt and Henderson & Wood. In re Henderson & Wood, 210 U. S., 28 Sup. Ct., 52 L. Ed., supra.

While it appears from the record presented Henderson & Wood defended in the former proceeding in the bankruptcy court of Colo-

rado alone on the ground of want of jurisdiction, yet all the issues concluded by the order and judgment now presented against them were tendered therein, were, as shown by the order, litigated, and inhere in the judgment and order of the bankruptcy court, including the sufficiency of the petition or application presented to the court on which they were based, the nature of the transaction between the parties re-examined therein, the ownership of the money involved in the transaction, and all and every other question of jurisdiction, fact, or law now sought to be relitigated by way of defense to this action.

It is also conclusively settled by authority the federal court of bankruptcy of Colorado in which the order and judgment were entered was not only the court of exclusive original jurisdiction for the purpose of re-examination of the transaction between the bankrupt therein and Henderson & Wood, but, further, that it is a court of general jurisdiction in matters of bankruptcy, such as was therein involved, and its judgments, decrees, and orders in this case possess all the attributes of finality and estoppel accorded domestic judgments emanating from courts of general original jurisdiction. Turnbull v. Payson, 95 U. S. 418, 24 L. Ed. 437; Owings v. Hull, 9 Pet. 607, 9 L. Ed. 246; Hanley v. Donoghue, 116 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 535; National Society v. Spiro, 94 Fed. 750, 37 C. C. A. 388; Edelstein v. U. S., 149 Fed. 636, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236; In re First National Bank of Belle Fourche et al., 152 Fed. 64, 81 C. C. A. 260.

It follows in the reception and rejection of evidence, as shown by the record, no error was committed, and the judgment is accordingly affirmed.