## Ex parte MOCK KEE SONG.

### No. 22394.

District Court, N. D. California, S. D.

June 26, 1937.

Stephen M. White, of San Francisco, Cal., for petitioner.

H. H. McPike, U. S. Atty., of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Applicant, a chinese, claims that he was born in San Francisco in 1882, was taken to China by his parents about 1888, returned and was admitted to the United States in 1896. Between 1909 and 1930 he made five trips to China, and on each occasion was given a citizen's return certificate, and readmitted. He brought five sons to this country, securing admission for them on the ground of his claimed nativity. In 1931 he again applied for a return certificate, which was denied. Through counsel learned in immigration procedure, applicant took an appeal to the Secretary of Labor, who, upon recommendation of the Board of Review, ordered dismissal. The opinion of the Board is as follows:

"The record shows that on some seventeen occasions of departures, returns, and the application of alleged sons for admission, this applicant has been conceded by this Service to be a native citizen of the United States. His case has not, however, been brought before the Department before this time, all of the concessions having been made by port officials.

"Apparently this applicant's status as a native citizen of the United States has been regarded as res adjudicata on the evidence presented by him in the form of a discharge certificate issued in his name by United States Commissioner McGettrick at St. Albans, Vermont, on July 23, 1896, and a second discharge certificate issued in his name and bearing what is conceded to be his photograph dated at Norfolk, Virginia, May 8, 1903, and signed by United States Commissioner Bow-

744

den. Neither of the said certificates states that the applicant was found to be either a native or a citizen of the United States. No docket entries nor transcript of testimony has been produced which shows that the issue when this applicant's case was tried by the said United States Commissioners was birth in or citizenship of the United States.

"Thus, in the opinion of the Board of Review, the evidence heretofore presented has not warranted this applicant's recognition as a citizen and such erroneous recognition should not be continued.

"It is recommended that the appeal be dismissed."

In the face of such official denial of his application, and such holding that his claim of citizenship was not established, applicant left for China without a return certificate. He returned to the port of San Francisco on July 29, 1936, and sought admission, which was denied by the Board of Special Inquiry upon the ground that he was not a returning native. Applicant again appealed to the Secretary of Labor, his case was again considered by the Board of Review, who again recommended dismissal, and it was so ordered. In the conclusion of its opinion the Board said, "* * * the applicant presents no other evidence than that which was found prior to his departure not to warrant his recognition as a citizen. He has thus not borne the burden which was upon him of establishing his right of entry into the United States."

Applicant contends "that it was unreasonable and unfair for the immigration authorities to decline to find in favor" of his asserted citizenship.

The question presented for decision is strictly one of law. The action of this court is circumscribed by well-settled rules. In Ex parte Greaves, 222 F. 157, 159, this court said, "The power of the court is limited to the inquiry, 'Is the action of the executive within the law?' If it is, the remedy for any supposed hardship resulting therefrom is by application to the executive to be relieved from such hardship, and not by appeal to the court to prevent the enforcement of the law." A claim of native birth, "being a question of fact, its determination has been committed by Congress, not to the courts, but to the Department of Labor. Judicial inquiry is by habeas corpus alone; under that

writ we can only examine the legality of departmental action." U. S. ex rel. Ross v. Wallis (C.C.A.) 279 F. 401, 402. "And if it does not affirmatively appear that the executive officers have acted in some unlawful or improper way and abused their discretion, their finding upon the question of citizenship must be deemed to be conclusive, and is not subject to review by the court." Tang Tun v. Edsell, 223 U.S. 673, 675, 32 S.Ct. 359, 361, 56 L.Ed. 606.

Applicant admits that the burden of proving citizenship is on him, but calls attention to the fact that he had made several unchallenged return trips between the United States and China, and that heretofore two certificates of discharge (mentioned in the opinion of the Board of Review, above quoted) had been issued to him by United States Commissioners. It is urged that these certificates are genuine and show that applicant was a lawfully domiciled resident of the United States.

The certificate issued by Commissioner McGettrick shows that "Mock Kee Song, in violation of section ——— of the Revised Statutes of the United States, did unlawfully, come and was within the United States, and on the 23 day of July, 1896. defendant was brought before me, the said commissioner, at my office, in St. Albans, in said District, and upon full hearing on 'said charge, the said District Attorney being present, it was adjudged by me that said Mock Kee Song had the lawful right to be and remain in the United States and he was accordingly discharged." The certificate signed by Commissioner Bowden shows that "On this 8th day of May, 1903, before the undersigned United States Commissioner for the Eastern District of Virginia, was brought Mock Kee Song upon the complaint of Morgan Treat, United States Marshal for the Eastern District of Virginia, charging that the said Mock Kee Song, a Chinese person, is unlawfully in the United States in violation of the Act of Congress of September 13th, 1888. Upon hearing the same the proceedings were dismissed, and I attach hereto a photograph of the said Mock Kee Song."

Applicant's first certificate was issued by Commissioner McGettrick in 1896, his second was issued by Commissioner Bowden in 1903, and it is not improbable that the latter accepted the certification of the former without further investigation.

On January 24, 1903 (U. S. v. Lew Poy Dew [D.C.] 119 F. 786, 789), the genuineness of a certificate issued by Commissioner McGettrick on June 1, 1897, similar to that issued by him to applicant, was questioned, and "evidence was given that this man McGettrick was engaged in the business of making and selling such certificates." Again on November 22, 1909 (Ex parte Lung Foot [D.C.] 174 F. 70, 71), another certificate issued by Commissioner McGettrick on February 22, 1897, was considered by the court, which said, "It was long ago shown before this court that these certificates were issued promiscuously by McGettrick for a consideration."

 Such certificate is not evidence of a judgment [Ah How v. U. S., 193 U.S. 65, 78, 24 S.Ct. 357, 48 L.Ed. 619]; the certificate is insufficient to show that an applicant is a citizen [Jo Mon Sing v. Weedin, 24 F.(2d) 820 (C.C.A.9)]; the certificate is not a judgment, or a copy of a judgment or decision, and there is no law authorizing such a certificate, or making it evidence [Ex parte Lung Foot, supra]; it is not the best evidence, nor is it sworn evidence, nor is it made evidence by any statute [U. S. v. Lew Poy Dew (D.C.) 119 F. 786, 790].

While the fact of applicant's unchallenged trips to China and return, between 1909 and 1930, and the admissions of his alleged sons, may be considered with other evidence by the Board of Special Inquiry in determining applicant's right of entry, such former administrative action does not constitute a judicial estoppel. Lim Jew v. U. S., 196 F. 736, 740 (C.C.A. 9); Jo Mon Sing v. Weedin, 24 F.(2d) 820, 821 (C.C.A.9); Wong Chow Gin v. Cahill, 79 F.(2d) 854, 857 (C.C.A.9).

Applicant stresses his long residence in this country and his consistent assertion of citizenship which was unchallenged until 1931. At the conclusion of his hearing, when asked if he had any further statement to make, he replied, "Yes. In the matter of evidence in this case, I wish to state that when I was in a position to present witnesses in my own behalf it was not required of me and I was discharged as having a right to be in the United States and that I am a native born citizen, but, now, after a lapse of thirty or forty years and I am no longer able to offer witnesses to bear out the fact that I was born in the United States, your office wants me to present evidence which I am no longer

in a position to offer. I feel that this is unfair to my case. I have nothing further to state."

The rule of decision obtaining here is strictly legal without recourse to equitable principles. And as observed by Judge Wilbur in Kaichiro Sugimoto v. Nagle, 38 F. (2d) 207, 209 (C.C.A.9), while this court is "strongly impressed with the great hardship involved in the exclusion of this appellant under the circumstances," such considerations "are properly directed to the Legislature rather than to the judicial branch of the government."

Petition denied.