AH HOW *alias* LOUIE AH HOW *v.* UNITED STATES.

CHU DO *alias* CHU GEE *v.* UNITED STATES.

LEW GUEY *v.* UNITED STATES.

YUNG LEE *v.* UNITED STATES.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

Nos. 307, 308, 309, 312.   Argued January 12, 1904.—Decided February 23, 1904.

The act of April 29, 1902, c. 641, continuing all laws then in force "so far as the same are not inconsistent with treaty obligations," does not repeal § 3 of the act of May 5, 1892, putting the burden of proving their right to remain in this country, on Chinese arrested under the act. Neither does it repeal § 6 of the act requiring Chinese laborers who are entitled to remain in the United States to obtain a certificate of residence.

A written statement by a United States Commissioner that a Chinese person of a certain name was brought before him and was adjudged to have the right to remain in the United States by reason of being a citizen is not evidence of a judgment.

THE facts are stated in the opinion.

*Mr. Terence J. McManus*, with whom *Mr. Frank S. Black* and *Mr. Russell H. Landale* were on the brief, for appellants in these cases and also in Nos. 308, 309 and 312.

Direct appeals have been taken to this court upon the ground that treaty and constitutional questions were involved. *Chin Bak Kan* v. *United States*, 186 U. S. 193; *United States* v. *Gue Lim*, 176 U. S. 459; *United States* v. *Wong Kim Ark*, 169 U. S. 649. The treaty and constitutional questions were raised upon the preliminary hearing before the Commissioner.

These are the first cases which have come before this court in which a construction of the act of April 29, 1902, reënacting, extending and continuing all laws relating to the subject of Chinese exclusion, "so far as the same are not inconsistent with treaty obligations" is asked, and are the first cases which have come before this court since the *Fong Yue Ting Case*, 149 U. S. 698, in which a consideration of the registration provisions of the act of 1892, as amended by the act of 1893, is involved.

These are in no sense "entry cases." The defendants were not arrested while seeking entrance to the United States, nor shortly after effecting entrance. The complaints assumed that the defendants were residents during the registration period fixed by the acts of 1892 and 1893, and there was no testimony to controvert the fact of long years of residence in the United States. They are the first cases in this court since the *Fong Yue Ting* case, in which the defendants were at the time of arrest actually residing in the United States.

Section 3 of the act of 1892, placing the burden of proof on Chinese defendants and section 6 of the same act as amended by the act of 1893, in so far as it relates to the deportation of Chinese residents of the United States, have all been revoked or superseded by section 1 of the act of April 29, 1902, which (in providing for the reënactment of the Chinese exclusion laws only in so far as the same were not inconsistent with treaty obligations) assures to Chinese persons, *either permanently or temporarily residing in the United States* for the protection of their persons and property, all rights given by the laws of the United States to citizens of the most favored nation (article 4 of the treaty of 1894), the sections above mentioned being inconsistent with said treaty provision.

Earlier legislation on the subject of Chinese exclusion was concededly in violation of treaty obligations with China. *Chae Chang Ping* v. *United States,* 130 U. S. 581; *Lem Moon Sing* v. *United States,* 158 U. S. 538; *Fong Yue Ting* v. *United States,* 149 U. S. 697; *United States* v. *Gue Lim,* 176 U. S. 459, 464.

Even after judicial expression on this subject, Congress, with "malice aforethought," reënacted this legislation. Acts of May 5, 1892, and November 3, 1893. And see Sen. Doc. Rep. 776, part 2, pp. 44–97, 1902, referring to statutory violations of the treaty presented by John W. Foster for Chinese Minister.

A construction which seeks to effectuate treaty obligations should be sought rather than the contrary. *Chew Heong* v. *United States,* 112 U. S. 536; *United States* v. *Gue Lim,* 176 U. S. 459, 465; *Whitney* v. *Robertson,* 124 U. S. 190, 194.

Section 3 of the act of 1892 is repealed to the extent of its repugnance, to wit, in so far as requiring Chinese residents of the United States to establish by affirmative proof, their right to remain here. See *Wood* v. *United States,* 16 Pet. 342, 363; *United States* v. *Tynan,* 11 Wall. 88; *South Carolina* v. *Stoll,* 17 Wall. 425.

There is a distinction between an alien who remains here and one who has left here and seeks to return. While here he is entitled to the benefit and guarantees of life, liberty and property secured by the Constitution to all persons of whatever race within the jurisdiction of the United States. His personal rights when he is in this country and such of his property as is here during his absence are as fully protected by the supreme law of the land as if he were a naturalized citizen of the United States. But when he has voluntarily gone from the country and is beyond its jurisdiction, being an alien, he cannot reënter the United States in violation of the will of the Government, as expressed in enactments of the law-making power. *Lem Moon Sing* v. *United States,* 158 U. S. 547, 548; *United States* v. *Wong Kim Ark,* 169 U. S. 700.

The construction contended for is reasonable and just. It is not only within the spirit of the act of 1902 and the treaty

of 1894 but within the letter thereof. It is a much narrower construction of the act and treaty, than the construction of section 6 of the act of 1884 adopted in *Lau Ou Bew,* 144 U. S. 47. It is not as narrow as that in *United States* v. *Gue Lim,* 176 U. S. 467. As to due process of law and definitions applicable to this case, see *Davidson* v. *New Orleans,* 96 U. S. 97, 107; *Boyd* v. *United States,* 116 U. S. 616, 635. This clause cannot be given any wider scope. See *Wong Wing* v. *United States,* 163 U. S. 227.

The objection as to the sufficiency of these complaints is not affected by the decision in the case of *Chin Bak Kan,* 186 U. S. 193.

Neither the act of 1892, nor the act of 1893 amending it, required that Chinese persons who were merchants or who "were engaged in business rather than manual labor" should procure certificates of residence during the period when the registration provisions were in force. *Lee Kan* v. *United States,* 62 Fed. Rep. 914; *Pinn Kwan Case,* 100 Fed. Rep. 609, reviewing 94 Fed. Rep. 824.

The question is not whether the respondent is a merchant and so exempt from registration, but whether he is a laborer and so liable to deportation for want of registration. He does not appear to be a laborer within either common understanding or the statutory definition of the term. *United States* v. *Mark Ying* (a peddler), 76 Fed. Rep. 450.

If these defendants were engaged in business in 1894, rather than in manual labor, but since, through misfortune or other cause have become laborers, they are, nevertheless, not subject to these registration provisions. Treasury Dec. No. 14,542½, November 25, 1893.

As to those who were minors when the registration act was in force as to laborers, they should not be required to produce certificates. *United States* v. *Gue Lim,* 176 U. S. 462; *In re Tung,* 19 Fed. Rep. 184.

Bail should be allowed upon these appeals (*a*) under the statutes; (*b*) by virtue of numerous precedents; and (*c*) in the

exercise of the inherent power of the court. *Matter of Ah Tai,* decided November 16, 1903, in U. S. District Court for Massachusetts, and cases cited.

*Mr. Max J. Kohler* by leave of the court filed a brief in aid of appellants in these cases and in Nos. 308, 309 and 312, on behalf of the Chinese Charitable and Benevolent Association of New York:

These appeals are authorized by statute. *United States* v. *Gee Lee,* 50 Fed. Rep. 271; *United States* v. *Lee Seick,* 100 Fed. Rep. 398; *United States* v. *Pin Kwan,* 100 Fed. Rep. 609; *United States* v. *Ham Toy,* 120 Fed. Rep. 1022; *Wong Wing* v. *United States,* 163 U. S. 228, 269; *United States* v. *Mrs. Gue Lim,* 176 U. S. 459. *Chow Loy* v. *United States,* 112 Fed. Rep. 354, has been overruled by *Chin Bak Kan* v. *United States,* 186 U. S. 193.

Bail should be allowed pending the proceedings. Section 716, Rev. Stat., is sufficient for authority. See also §§ 765, 945, 1014, 1015, and rules 34 and 36 of this court. *Hudson* v. *Parker,* 156 U. S. 277, 285; *Unused Tag Case,* 21 Fed. Rep. 701, 706; *In re Chow Goo Pooi,* 25 Fed. Rep. 77; *Chinese Wife Case,* 21 Fed. Rep. 808; *United States* v. *Lee Yen Tai,* 108 Fed. Rep. 950; *United States* v. *Moy Yee Tai,* 109 Fed. Rep. 1. Section 5, act of 1882, and § 2, act of 1893, have no application to these cases. *In re Chin Yuen Sing,* 65 Fed. Rep. 788; *Chin Yuen Sing* v. *Kilbreth,* 163 U. S. 680; 22 Op. Atty. Gen. 340; *United States* v. *Lee Seick,* 100 Fed. Rep. 398; *In re Ny Look,* 56 Fed. Rep. 81; Treas. Dec. No. 13,996; Cong. Rec. 53d Cong. vol. 25, pt. II, p. 2444; *United States* v. *Chum Shang Yuen,* 57 Fed. Rep. 588.

The construction contended for by the Government would be imputing to Congress intention to work gross hardship in the matter of requiring imprisonment pending appeals inconsistent with its subordination of these statutes by the act of 1902, to Art. 4 of the treaty of 1894, conferring upon Chinese persons for the protection of their persons and property all the rights of the most favored nation, and besides would be of more

than doubtful constitutionality as involving imprisonment as distinguished from mere brief detention, incidental to deportation.. *Yick Wo* v. *Hopkins*, 118 U. S. 356, 368; *In re Qwong Wo*, 13 Fed. Rep. 229, 233; *In re Ah Chong*, 2 Fed. Rep. 733, 737; *In re Parrot*, 1 Fed. Rep. 481, 498; *Wong Wing* v. *United States*, 163 U. S. 228; *United States* v. *Wong Dep Ken*, 57 Fed. Rep. 206; *In re Lintner*, 57 Fed. Rep. 587.

The statutes throwing the burden of proof on the Chinamen arrested are inconsistent with Art. 4 of the treaty of 1894, and with the amendments to the Federal Constitution. A later inconsistent statute supersedes a prior treaty. *Exclusion Cases*, 130 U. S. 598; *Li Sing* v. *United States*, 180 U. S. 486, 495; cases cited under last point and *Mrs. Gue Lim* v. *United States*, 176 U. S. 459, 465.

The registration provisions have been erroneously construed below as having required all persons not now proved to be merchants as defined in the act, to register as "laborers," as also persons who were minors, residing in the United States in 1892 having no occupation of their own, contrary to a reasonable construction and understanding of these laws, at least as given during the six months following November 3, 1893, during which alone registration was permitted.

As to provisions of registration of merchants and witnesses in regard thereto, see *Li Sing* v. *United States*, 180 U. S. 486; *United States* v. *Lee Seick*, 100 Fed. Rep. 398; *Fong Yue Ting* v. *United States*, 149 U. S. 698, 726; *United States* v. *Sing Lee*, 71 Fed. Rep. 686; *United States* v. *Tyle*, 76 Fed. Rep. 318; *In re Chin Ark Wing*, 115 Fed. Rep. 412; Treas. Decs. 14,542½, 17,145, 18,666, 18,686.

As to who are merchants, see *United States* v. *Mark Ying*, 76 Fed. Rep. 450; *United States* v. *Chin Fee*, 94 Fed. Rep. 828; *In re Chu Roy*, 81 Fed. Rep. 826; *Wong Fong* v. *United States*, 77 Fed. Rep. 168; *In re Ho King*, 14 Fed. Rep. 724; *United States* v. *Gay*, 95 Fed. Rep. 226; 20 Op. 602, 324; 23 Op. 485; 24 Op. 132.

The minors should not have been deported. It was error

to exclude the certificate of United States Commissioner, the genuineness whereof was admitted and which was relied upon to show an adjudication made after due hearing in 1897, by a United States Commissioner to the effect that the defendant was a citizen of the United States by birth.

The Commissioner had jurisdiction to determine citizenship. *Chin Bak Kan* v. *United States,* 185 U. S. 193. The certificate was sufficient to establish *res judicata.* Treaty Dec. 22,572; *United States* v. *Chung Shee,* 76 Fed. Rep. 951, 956; *United States* v. *Luey Guey Auck,* 115 Fed. Rep. 252. Compare *United States* v. *Hills,* 124 Fed. Rep. 831; *Kirby* v. *United States,* 174 U. S. 47; *Sparf* v. *United States,* 156 U. S. 51, 56.

The principle of *res judicata* applies to determinations based upon jurisdiction, whether made in courts of record or not of record. *Gates* v. *Preston,* 41 N. Y. 13; *Reich* v. *Cochrane,* 151 N. Y. 122; *Mohr* v. *Maniere,* 17 Fed. Cas. No. 9695, affirmed 101 U. S. 416.

Congress has to provide methods by which the Commissioner's determination upon such issues can be proved. *United States* v. *Jones,* 134 U. S. 483; *Hoyne* v. *United States,* 38 Fed. Rep. 542; *Philips* v. *United States,* 33 Fed. Rep. 164; § 847, Rev. Stat.; *United States* v. *McDermott,* 140 U. S. 151; *United States* v. *Julian,* 162 U. S. 324; *Southworth* v. *United States,* 151 U. S. 179. These certificates are frequently the only evidence obtainable. Treasury Dec. 8572, 11,606, at p. 1048; 14,375, 14,654, 17,237. As to the excuse of illness, the Commissioner has attempted to give this statute an unduly harsh and severe construction, to the effect that there must not have been a day during the statutory period during which illness, did not prevent registration. This is an unwarranted and oppressive construction of the statute, not sustained by the authorities. *United States* v. *Tye,* 70 Fed. Rep. 318; *In re Chin Ark Wing,* 115 Fed. Rep. 412; *Wong Fong* v. *United States,* 77 Fed. Rep. 168.

Chinese persons are entitled to a liberal construction of this statute with respect to time, because of the delay of the Govern-

ment in the matter of prescribing regulations and forms of certificates required by the act of 1893.

The complaints stated no cause of action. Accordingly, the general line of authority requiring complaints setting forth the facts establishing causes of action, is applicable here. *Rice* v. *Ames*, 180 U. S. 371; *Ex parte Hart*, 63 Fed. Rep. 249, 259; *Ex parte Laue*, 6 Fed. Rep. 34, 38; *United States* v. *Tureaud*, 20 Fed. Rep. 621; *United States* v. *Sapinkow*, 90 Fed. Rep. 654, 660; *West* v. *Cabell*, 153 U. S. 78.

The complaints should have been under oath. *Register* v. *Lee Lum*, 94 Fed. Rep. 343, 346; *Southworth* v. *United States*, 161 U. S. 639, 642.

These proceedings were all barred by the statute of limitations of five years, since more than five years have elapsed since registration was authorized and the defendants were shown to have been continuously resident within the United States for upwards of twenty years except Lew Guey, the holder of the McGettrick certificate.

If these proceedings are not criminal, they are at least *quasi* criminal within the meaning of § 1047, Rev. Stat.; *Boyd* v. *United States*, 116 U. S. 616; *Lees* v. *United States*, 150 U. S. 476; *Johnson* v. *Donaldson*, 3 Fed. Rep. 22; *United States* v. *Irvine*, 98 U. S. 450; *Re Neilson*, 131 U. S. 126, 187; *Daly* v. *Brady*, 69 Fed. Rep. 285; *Bolles* v. *Outing Co.*, 175 U. S. 262; *United States* v. *Riley*, 88 Fed. Rep. 480. While *Chinese Exclusion* cases are not to be reviewed as criminal proceedings, they partake so far of the nature of criminal proceedings as to be governed by these provisions, applicable to proceedings for penalties and forfeitures. *Ex parte Sing*, 82 Fed. Rep. 22; *United States* v. *Wong Quong Wong*, 94 Fed. Rep. 832; *United States* v. *Jacobus*, Second Circuit, unreported, October, 1903.

*Mr. Solicitor General Hoyt* for the United States:

It is impossible to avoid the conclusion that the character of the testimony was for the most part perfunctory and formal; that it utterly failed to support with any conclusiveness

either the claim of merchant status or that of citizenship, and amply justified the commissioner's orders of deportation, and his finding as to the merchant claim that the proofs furnished did not clearly establish facts which would bring these persons within the statute as merchants.

The term "merchant," as it is used in Chinese exclusion legislation, has been clearly defined by the law and by the decisions of the courts. Section 2, act of Nov. 3, 1893; *In re Ah Yow,* 59 Fed. Rep. 561; *Lai Moy* v. *United States,* 77 Fed. Rep. 955; *Mar Bing Guey* v. *United States,* 97 Fed. Rep. 576, and has expressly been held not to include bookkeepers and paid assistants in a store. *United States* v. *Pin Kwan,* 100 Fed. Rep. 609; *Quock Ting* v. *United States,* 140 U. S. 417; *In re Louie You,* 97 Fed. Rep. 580; *United States* v. *Lee Huen,* 118 Fed. Rep. 458.

The points raised in these cases have been heretofore considered by the court and positively and conclusively determined. The court has held that the treaty of 1894 did not repeal existing law; that defects in complaint or pleading do not affect the authority of the commissioner or judge of the validity of the statute; that the adjudication of the judge or commissioner is final; that the court cannot properly reexamine facts already determined by two judgments below; that the policy of Chinese legislation is opposed to numerous appeals. *Fong Yue Ting* v. *United States,* 149 U. S. 729; *United States* v. *Lee Yen Tai,* 185 U. S. 213; *Chin Bak Kan* v. *United States,* 186 U. S. 193.

The contentions that the act of April 29, 1902, repeals by implication the laws of 1892 and 1893, and that the offense is barred by the operation of §§ 1046, 1047, Rev. Stat., are without merit. The language of the act of 1902 makes it evident that Congress considered the entire scheme of exclusion law, embracing the treaty, as forming one complete, harmonious and consistent whole. The act of 1902 is merely additional legislation on the subject, and there is nothing repugnant between that and former acts. Neither § 1046, which provides a limitation of five years for prosecutions under

the revenue and slave trade laws, nor § 1047, imposing the same limitation on suits, or prosecutions for penalties or forfeitures, touches Chinese exclusion in the remotest way. But if the case were otherwise, it is sufficient to say that the offense is a continuing one; it is the gist of the subject that the Chinaman never had and has not now any right to be here.

Congress intended the determination of the rights of a Chinaman to be prompt and final in the lower tribunals. The statutory provisions as to bail in Chinese cases limit the discretion of courts and judges and forbid the taking of bail. Sec. 5, act of May 5, 1892; sec. 2, act of Nov. 3, 1893. The practice on the subject is conflicting, but it appears to tend to the refusal of bail. *In re Ah Kee,* 21 Fed. Rep. 701; *In re Chow Goo Pooi,* 25 Fed. Rep. 76; *In re Ah Moy,* 25 Fed. Rep. 808; *In re Chin Yuen Sing,* 65 Fed. Rep. 788; *Chan Gun* v. *United States,* 9 D. C. App. 290. So far as affirmative law goes, and disregarding, for the sake of argument, the clear prohibition in the statutes cited, the fact is that the Chinese case falls between the two categories of civil and criminal as used in the Revised Statutes respecting bail, §§ 945, 1014, 1015, and is unprovided for on that point.

No general or fundamental right of appeal exists here. Where Congress has given one appeal specifically, no further appeal is to be inferred or implied. *Railroad Company* v. *Grant,* 98 U. S. 398; *McKane* v. *Durston,* 153 U. S. 684; *Kohl* v. *Lehlback,* 160 U. S. 293.

The law defines a laborer and a merchant, and those claiming to be merchants must bring themselves clearly within the definition and conditions. A Chinese person, technically a minor, whose claim of citizenship is not established, who has been here for an uncertain time, and is found to be a laborer, cannot escape the result of that status merely because of his minority. In such cases the exceptions to the certificate requirements in the case of minor children of a domiciled merchant, are not applicable. *United States* v. *Mrs. Gue Lim,* 176 U. S. 459.

The claim of citizenship by birth is not to be conceded upon a mere assertion of the fact unaccompanied by corroborative incidents, circumstances or details. *Quock Ting* v. *United States,* 140 U. S. 417; *Chin Bak Kan* v. *United States, supra; In re Louie You,* 97 Fed. Rep. 580; *United States* v. *Lee Huen,* 118 Fed. Rep. 458; and it cannot be doubted that a United States Commissioner properly and finally passes upon the claim of birth in this country as well as upon all other facts. *Chin Bak Kan* v. *United States, supra.*

Mr. Justice Holmes delivered the opinion of the court.

These are appeals from judgments of the United States District Court confirming decisions of a commissioner, and adjudging that the appellants be removed from the United States to China. *Chin Bak Kan* v. *United States,* 186 U. S. 193. The commissioner decided that each of the appellants was a Chinese laborer found without certificate of residence as required by law within the United States, and was not entitled to remain within the United States. The facts may be summed up as follows: The appellants were arrested in July, 1902, when working in laundries, they all having failed to produce certificates of residence when called upon to do so by the Chinese inspector. At the hearing before the commissioner they offered testimony of witnesses other than Chinese that they were residents of the United States on May 5, 1892. Ah How and Chu Do put in evidence that they were not laborers. Yung Lee offered evidence of illness, which he contended made him unable to procure his certificate. Chu Do offered parol evidence that he was born in the United States, and therefore was a citizen, and also that he was a minor during the time allowed by the statute for obtaining a certificate. Lew Guey offered similar evidence and a certificate of another United States commissioner of a hearing before him and an adjudication that Lew Guey had the right to remain in the United States by reason of being a citizen thereof. The United States offered no evidence beyond the facts stated above.

The ground of appeal common to all the cases is that §§ 3

and 6 of the act of May 5, 1892, 27 Stat. 25, have been re-
pealed. By § 3 any Chinese person arrested under the provi-
sions of the act shall be adjudged to be unlawfully within the
United States, unless he shall establish by affirmative proof to
the satisfaction of the judge or commissioner his right to re-
main. Of course, if the burden of proof was on the appellants,
the commissioner and judge might not be satisfied by the
affirmative evidence produced. We are not asked to review
the finding of fact. See *Fong Yue Ting* v. *United States*,
149 U. S. 698, 714, 715. But it is argued that this section
is done away with by § 1 of the act of April 29, 1902, c.
641, 32 Stat. 176, continuing all laws then in force, " so far as
the same are not inconsistent with treaty obligations." It is
said that the section is inconsistent with Article 4 of the treaty
of December 8, 1894, 28 Stat. 1210, agreeing that Chinese
laborers, or Chinese of any other class, either permanently or
temporarily residing in the United States, shall have for the
protection of their persons and property all rights that are
given by the laws of the United States to citizens of the most
favored nation, excepting the right to become naturalized
citizens. It is pointed out that the treaty of 1894 with Japan
and the treaty of 1859 with Paraguay give the rights and
privileges of native citizens to the subjects of those countries
in access to the courts and in the defence of their rights, and
it is said that the law as to the burden of proof cuts down
those privileges and rights. The section has been upheld, how-
ever, by this court, since the treaty, and after the passage of
the act. *Chin Bak Kan* v. *United States*, 186 U. S. 193, 200;
*United States* v. *Lee Yen Tai*, 185 U. S. 213. It is not re-
pealed by the laws of 1902. The clause of the treaty had a
different object, and in view of the difficulties encountered in
such an investigation, it could not have been supposed to
promise that special measures theretofore taken should not be
continued in force for the purpose of ascertaining the very
question whether the laborers were lawfully residing in the
United States or not. See *Fong Yue Ting* v. *United States*,
149 U. S. 698, 730. But it is enough to say that the treaty
itself, in Article 5, expressly refers to the act of 1892 as

amended by the act of 1893, and states that the Chinese government will not object to the enforcement of those acts.

It follows still more clearly from the language of Article 5 of the treaty that § 6, as amended by the act of November, 3, 1893, 28 Stat. 7, remains in force. *Lee Lung* v. *Patterson,* 186 U. S. 168, 176, 177. That section requires Chinese laborers who are entitled to remain in the United States to obtain a certificate of residence from the collector of internal revenue of their district, or to be deported, subject to certain excuses. Article 5 of the treaty especially refers to the requirements of registration in the acts of 1892 and 1893, although, as we have said, it states that the enforcement of the acts as a whole will not be objected to. In one or two of the cases there was a suggestion below that § 6 of the act was unconstitutional, but that question was disposed of in *Fong Yue Ting* v. *United States,* 149 U. S. 698, and was not pressed.

The complaints are objected to as insufficient, because in addition to alleging that the appellants are laborers not entitled to remain in the United States without certificates, it adds the words " having come unlawfully into the United States without certificates," thus implying, it is said, that an unlawful coming into the United States could be legalized by obtaining a certificate. It is enough to say that such objections have been answered by *Fong Yue Ting* v. *United States,* 149 U. S. 698, 729, and *Chin Bak Kan* v. *United States,* 186 U. S. 193, 199. In the former it was laid down that " no formal complaint or pleadings are required." That proposition is not affected by the later statutes. We do not mean to imply that there is anything in the objection if we should consider it on its merits.

As to the testimony that two of the appellants were merchants during the period of registration, all that appears is that the commissioner did not believe it. We cannot go outside the record of the specific case for the purpose of inquiring whether the decision was induced by some view of the law which may be open to argument. The same may be said as to the parol testimony as to the age of two of the appellants and their birth in this country. But we may add that it

by no means follows from the decision in *United States* v. *Mrs. Gue Lim*, 176 U. S. 459, that the minor children of laborers, old enough to do work, are not required to have certificates. The language of the statute certainly is broad enough to include them and does not indicate a division by local laws with regard to coming of age. The principle applicable to the admission into this country of the wife and children of a certificated merchant is not the principle applicable to such a case. As to the certificate of the United States commissioner, offered by Lew Guey, it was merely a written statement by the commissioner that a person of that name was brought before him on the usual charge, and was adjudged to have the right to remain in the United States by reason of being a citizen. Apart from the possibility that the commissioner in the present hearing was not satisfied of the identity of the party, such a statement is not the certificate of evidence required by the act of 1892, and is not evidence of a judgment. *United States* v. *Lew Poy Dew*, 119 Fed. Rep. 786. The evidence that Yung Lee was disabled by sickness from obtaining a certificate did not satisfy the commissioner. We cannot say as matter of law that he was bound to be satisfied by the testimony of Yung Lee himself that he was so disabled.

We have assumed, for the purpose of decision, what does not clearly appear from the record, that the judge who tried the case on appeal tried it solely on the commissioner's report of evidence and heard no witnesses. Whether the fact could be assumed if the result would be a reversal of the judgment below, we need not decide. See *United States* v. *Lee Seick*, 100 Fed. Rep. 398, 399. There is no other question worthy of notice. We are asked to express an opinion as to the right of the appellants to give bail pending their appeal, but that now is a moot point. We agree with the Government, that these cases are covered by previous decisions of this court.

*Judgment affirmed.*

Mr. Justice Brewer and Mr. Justice Peckham dissent.