### Ex parte CHIN QUOCK WAH.

#### (District Court, W. D. Washington, N. D. May 10, 1915.)

#### No. 2971.

1. ALIENS ⬤⟿20—CONSTITUTIONAL LAW ⬤⟿318—DEPORTATION—APPEALS— RIGHT TO APPEAR BY COUNSEL.

   Due process of law does not require that an alien ordered deported shall be granted the right to appear by counsel on an appeal to the Commissioner of Labor.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 73; Dec. Dig. ⬤⟿ 20; Constitutional Law, Cent. Dig. § 949; Dec. Dig. ⬤⟿318.]

2. ALIENS ⬤⟿32—DEPORTATION PROCEEDINGS—EVIDENCE.

   A certificate issued by a United States commissioner to a person of Chinese descent, granting the right to enter the United States as an American citizen, was not conclusive that he was a native-born citizen in a proceeding involving the right to enter the United States of an alleged minor son of the certificate holder, as the certificate was neither a judgment nor evidence of a judgment.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⬤⟿32.]

Application by Chin Quock Wah for a writ of habeas corpus. Writ discharged, and petitioner remanded to custody.

Beeler & Sullivan, of Seattle, Wash., for applicant.

Clay Allen, U. S. Dist. Atty., of Seattle, Wash., and George P. Fishburne, Asst. U. S. Atty., of Tacoma, Wash., for the United States.

NETERER, District Judge. It is alleged in the amended petition that the petitioner is restrained of his liberty by the United States Commissioner of Immigration, in that he is ordered deported, contrary to law, and states that on the 14th of September, 1914, he arrived at the port of Seattle, made application for admittance, and that he was given a hearing by the immigration officials and testimony was taken from time to time, and on the 25th of November, 1914, an order was issued by the Commissioner of Immigration, finding that he was not entitled to remain in the United States, and his deportation ordered; that on the same day an appeal was taken to the Secretary of Labor; that the appeal was determined by one J. B. Densmore, Solicitor of the Department, as Acting Assistant; that at said time the Secretary of Labor and his Assistant were at their respective offices, and the action of Densmore was not authorized by law, and that the petitioner,

by reason thereof, did not have a hearing upon his appeal, and that he has been denied due process of law; that he is the minor son of Chin Wing Hin, a native-born Chinaman of the United States; and prays that he be discharged and allowed to join his father, who is a merchant, in Boston, Mass. It is further alleged that the petitioner was denied the right to have counsel appear before the Secretary of Labor and present oral argument in support of his appeal.

Return is made in which it is admitted that the petitioner arrived in the United States and applied for admission, and that he was denied admission and ordered to be deported. It admits that appeal was made to the Secretary of Labor, denies that said appeal was not heard by the Assistant Secretary, denies that applicant is the minor son of a domiciled Chinaman, denies that he is the son of Chin Wing Hin, and denies that Chin Wing Hin is a native-born Chinaman of the United States, or entitled to remain in the United States.

[1] The contention of the petitioner that his appeal was improperly disposed of is not well founded. The record discloses that the appeal was heard and disposed of by the Assistant Secretary of Labor. The contention that he was deprived of a fair hearing and not accorded due process of law is, I think, equally unfounded. There is no provision of law to my knowledge which accords to an immigrant the right of counsel before the Commissioner of Labor. This matter was before this court in Re Application of Chin Hing, opinion filed May 10, 1915, in which the language of Judge Lacombe, used in U. S. v. Williams (C. C.) 190 Fed. 898, was quoted, as follows:

"There is nothing in the statute which calls for the presence of counsel at the examination of aliens preliminary to admission; nothing to indicate that it was the intent of Congress that these investigations in hundreds of thousands of cases touching the qualifications of an alien seeking to enter were to be conducted as trials in court, with counsel present to represent the alien, witnesses called to testify, and elaborate examination and cross-examination of them."

[2] It is strenuously contended that the fact of Chin Wing Hin's birth in the United States was definitely disposed of and became a legal status, established by a certificate issued by one McGettrick, United States Commissioner, granting the right to enter the United States as an American citizen. Referring to the McGettrick certificate, this court in Ex parte MacPock (D. C.) 207 Fed. 696, at page 698, said:

"The first question to be disposed of is: Is the certificate which was presented a judgment in contemplation of the Exclusion Act? I think a reading of the document is sufficient to conclusively show that it is not. On its face it shows that it is not a judgment. It does not purport to be a certified copy of any judgment or record of judgment. It is not a document which could be considered as evidence by any court or tribunal. It is merely a statement that a certain act had been done. It does not purport to, nor does it in fact, fill the requirements of any rule of evidence, state law, or act of Congress with relation to authentication of records of the United States. 'A written statement by a United States commissioner that a Chinese person of a certain name was brought before him and was adjudged to have the right to remain in the United States by reason of being a citizen is not evidence of a judgment.' Ah How v. United States, 193 U. S. 65 [24 Sup. Ct. 357, 48 L. Ed. 619]; United States v. Lew Poy Dew (D. C.) 119 Fed. 786."

I have examined the testimony with relation to the vocation of Chin Wing Hin, and likewise that pertaining to the relationship of the applicant to Chin Wing Hin, and upon the evidence presented I cannot say that the conclusion is erroneous and that the applicant was not accorded a fair hearing.

The writ is discharged, and the petitioner remanded to the custody of the Department of Immigration. If the petitioner appeals from this order within 10 days, he may be released on filing recognizance in the sum of $2,000, conditioned as provided by law, pending the appeal.