Ex parte NG KWACK KANG.

(District Court, W. D. Washington, N. D.   January 14, 1916.)

No. 3157.

1. ALIENS ⬤⟿32(9)—ADMISSION—PROCEEDINGS.

The examination of an alien for admission to the United States is necessarily summary and informal, and where he was denied neither right to produce testimony and summon witnesses to establish his right, nor counsel, the fact that counsel was not present, or was not given opportunity to cross-examine witnesses, furnishes no ground for complaint.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. ⬤⟿32(9).]

2. ALIENS ⬤⟿32(13)—ADMISSION—AUTHORITY OF COURT.

As Chinese Exclusion Act Feb. 20, 1907, c. 1134, § 25, 34 Stat. 906 (Comp. St. 1913, § 4274), declares that, in every case where an alien is excluded from admission into the United States, the decision of the immigration officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the Secretary of Commerce and Labor, the courts, having only such power as conferred by law, cannot review an

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes·

order of the immigration officials excluding a Chinese person, where there is any evidence on which to predicate it.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95; Dec. Dig. ☞32(13).]

3. ALIENS ☞32(13)—EXCLUSION—PRESUMPTIONS.

In the absence of a showing to the contrary, a memorandum decision excluding a Chinese person from the country will be held the decision of the Secretary of Labor within the Chinese Exclusion Acts.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95; Dec. Dig. ☞32(13).]

At Law. In the matter of the application of Ng Kwack Kang for a writ of habeas corpus. Writ denied.

Beeler & Sullivan, of Seattle, Wash., for petitioner.
Clay Allen, U. S. Atty., and Albert Moodie, Asst. U. S. Atty., both of Seattle, Wash., opposed.

NETERER, District Judge. The petitioner applied for admission to the United States as the son of an American-born Chinaman. His application was denied by the Commissioner of Immigration, an appeal was prosecuted to the Secretary of Labor, the Commissioner affirmed, and a warrant of deportation issued. Petition for writ of habeas corpus was made, in which he charges: First, that he was not accorded a fair hearing, in that he was denied the right of counsel, and the evidence adduced at the preliminary examination was wrongfully and unlawfully used against him at the hearing after arrest; second, that there is no evidence in the record to support the findings of the immigration officers, and that the decision of the Department of Labor is arbitrary and should be set aside; and third, that the applicant is entitled to have his appeal heard and determined by the Secretary of Labor, and that the record discloses that it was heard and determined solely by one Alfred Hampton, and approved by Louis F. Post, Assistant Secretary of Labor.

[1] An examination of the entire record shows that the petitioner was accorded a fair trial. While an alien cannot claim the constitutional rights guaranteed to a citizen, he has rights which, under treaty stipulations and the law, must be respected. None of the treaty rights nor provisions of the law applicable to this case appear to have been violated. The examination of an alien for admission is necessarily summary and informal. The record shows that no opportunity was denied the applicant to produce testimony, and all witnesses sought were examined. There is nothing in the record to show that the right of counsel was denied. The fact that counsel was not present, or was not given opportunity to cross-examine the witnesses, did not deprive him of a right. Ex parte Chin Quock Wah (D. C.) 224 Fed. 138; United States v. Williams (C. C.) 190 Fed. 898.

"If the petitioner was not denied a fair opportunity to produce the evidence that he desired or a fair, though summary, hearing, the case can

proceed no farther." Chin Yow v. United States, 208 U. S. at page 11, 28 Sup. Ct. 201, 52 L. Ed. 369.

[2] Courts have such jurisdiction only as is conferred by Congress. No discretion is vested, and Congress has the right to prescribe rules, fix limitations, and confer authority where it deems wise. By provision of section 25 of the Chinese Exclusion Act of February 20, 1907 (34 Stat. at Large, 906, c. 1134 [Comp. St. 1913, § 4274]), it is provided:

"* * * That in every case where an alien is excluded from admission into the United States, under any law or treaty now existing or hereafter made, the decision of the appropriate immigration officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the Secretary of Commerce and Labor. * * *"

The Supreme authority is conferred upon the immigration officers, and when it appears that petitioner was given a fair hearing, Moola Singh et al. (D. C.) 207 Fed. 780, the writ must be denied. Even though the court might arrive at a different conclusion or decision (Chin Yow v. United States, supra), such fact would not give the court the right to review, when there is any evidence upon which to predicate the finding.

[3] There is nothing in the record to show that the appeal to the Secretary of Labor was not determined by the proper official, and in the absence of a showing to the contrary the memorandum decision will be held to be the decision of the Secretary of Labor within the provisions of the act. In re Jem Yuen (D. C.) 188 Fed. 350; Keyser v. Hitz, 133 U. S. 138, 10 Sup. Ct. 290, 33 L. Ed. 531.

The writ is discharged, and the petitioner remanded to the Department of Immigration.