**JO MON SING v. WEEDIN, U. S. Immigration Com'r.***

Circuit Court of Appeals, Ninth Circuit.
March 19, 1928.

No. 5307.

**1. Aliens ⬅32(8)—Commissioner's certificate, reciting right of Chinese petitioner's alleged father to remain in United States as citizen, held insufficient proof of father's citizenship.**

In habeas corpus proceeding by alleged Chinese alien, seeking admission to the United States, certificate of United States commissioner, reciting that person claimed to be petitioner's father was brought before him on charge of unlawfully being within United States, and "upon a full hearing on such charge * * * it was adjudged by me that" he "had the lawful right to be and remain in the United States, by reason of being a citizen thereof, and he was accordingly discharged," *held* insufficient to show that petitioner's alleged father was citizen, as not constituting evidence of a judgment.

**2. Aliens ⬅31—Immigration Department is not bound by its prior decisions admitting Chinese aliens.**

Immigration Department is not bound by its prior decisions in admitting Chinese aliens into the United States.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; George M. Bourquin, Judge.

*Rehearing denied May 14, 1928.

Petition by Jo Mon Sing for writ of habeas corpus against Luther Weedin, United States Commissioner of Immigration at the Port of Seattle, Wash. From order denying his petition, petitioner appeals. Affirmed.

Fred H. Lysons, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and Anthony Savage, Asst. U. S. Atty., both of Seattle, Wash. (John F. Dunton, U. S. Immigration Service, on the brief), for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The appellant, claiming to be the foreign-born son of Jo Toon Auk, an alleged American citizen, was denied admission to the United States. From the order of the court below, denying his petition for a writ of habeas corpus, he appeals.

[1] Admission was denied the appellant for lack of proof that Jo Toon Auk is a citizen, and for lack of proof that the appellant is his son. We find it necessary to consider only the first ground of exclusion. The only proof of the citizenship of Jo Toon Auk was a certificate of one McGettrick, a United States commissioner for the district of Vermont, which recited that on August 14, 1896, Jo Toon Auk was brought before him on the charge that he was unlawfully within the United States, and "upon a full hearing on said charge, the district attorney being present, it was adjudged by me that said Jo Toon Auk had the lawful right to be and remain in the United States, by reason of being a citizen thereof, and he was accordingly discharged."

The certificate is insufficient to show in the present proceeding that Jo Toon Auk was a citizen of the United States. In Ah How v. United States, 193 U. S. 65, 24 S. Ct. 357, 48 L. Ed. 619, it was held that a written statement by a United States commissioner that a Chinese person of a certain name was brought before him and was adjudged to have the right to remain in the United States by reason of being a citizen is not evidence of a judgment. Said the court: "Apart from the possibility that the commissioner in the present hearing was not satisfied of the identity of the party, such a statement is not the certificate of evidence required by the act of 1892 [27 Stat. 25], and is not evidence of a judgment." That decision was followed and applied in United States v. Goon Bon

June (C. C. A.) 19 F.(2d) 333, and You Fook Hing v. United States (C. C. A.) 214 F. 77.

[2] The appellant relies upon the fact that in 1923' Jo Toon Auk's citizenship was affirmed by a finding of the Immigration Department, and contends that, when a court of competent jurisdiction has rendered a judgment in relation to any subject-matter within its jurisdiction, it is presumed that it had before it sufficient evidence to sustain the judgment. But the record of the investigation so made in 1923 does not show that a judgment was rendered, or that the finding of citizenship was based on anything other than the McGettrick certificate. The Immigration Department is not bound by its prior decisions in admitting Chinese aliens into the United States. White v. Chan Wy Sheung (C. C. A.) 270 F. 764; Lee Hing v. Nagle (C. C. A.) 295 F. 642; Fung Yun Ham v. Nagle (C. C. A.) 22 F.(2d) 600.

The judgment is affirmed.