### Application of LEE HUNG WONG.

District Court, W. D. Washington, N. D. September 18, 1928.

No. 12542.

John J. Sullivan and Michael F. Ward, both of Seattle, Wash., for petitioner.

Anthony Savage, U. S. Atty., and Paul D. Coles, Asst. U. S. Atty., both of Seattle, Wash. (John F. Dunton, U. S. Immigration Service, of Seattle, Wash., on the brief), for respondent.

NORCROSS, District Judge. The petitioner applied for admission to the United States through the port of Seattle, claiming to be a minor son of Lee Gong June, a native-born citizen of the United States, of the Chinese race. His application was rejected by the Board of Special Inquiry of the Immigration Bureau, and on appeal therefrom, sustained by the Secretary of Labor, and his return to China directed. He brings this proceeding in habeas corpus, and the matter was heard upon an order to show cause why the writ should not issue.

It is conceded that the petitioner is the son of Lee Gong June, but it is contended that the citizenship of the latter was not established at the hearing.

Lee Gong June testified he was informed

by his parents that he was born at San Francisco, Cal., and when four years old was taken to China; and thereafter he returned to the United States, following the death of his parents in China.

■ There was also submitted to the Board of Special Inquiry a so-called "discharge certificate," together with certified copies of the complaint and warrant of arrest, upon which the certificate was claimed to be based, and the fee bill of the commissioner reciting that a hearing was had. The discharge certificate was issued by Commissioner McGettrick of the district of Vermont, and recites that Lee Gong June was brought before said commissioner, and was adjudged by him to have the lawful right to be and remain in the United States by reason of being a citizen thereof, and "he was accordingly discharged."

Documentary evidence was also submitted showing that upon four several occasions Lee Gong June had taken trips to China, and was preinvestigated upon each occasion by the immigration authorities, and was permitted to return to the United States as a citizen thereof.

No evidence was submitted in contradiction of the testimony given by Lee Gong June, nor is it contended that any new or additional facts were before the Board of Special Inquiry which were not in possession of the immigration authorities at the time Lee Gong June was permitted to return to the United States upon the several occasions mentioned.

It is the contention upon the part of the immigration service that as the burden of proof to establish citizenship was upon the petitioner, the same was not established for the reason that the McGettrick certificate was not a certified copy of a judgment nor evidence of such judgment. It is now claimed that the same was not admissible for any purpose.

It may be conceded that the said certificate is insufficient to establish citizenship upon the part of Lee Gong June as res adjudicata. However, this certificate, in view of the fact that it was repeatedly considered by the immigration authorities in recognizing Lee Gong June as a citizen of the United States, together with the other documentary evidence referred to, we think is sufficient to ground an inference of such citizenship which may only be overcome by real evidence.

Considering the effect of an approved application to the immigration authorities for departure and return as a citizen of the United States, the Circuit Court of Appeals for the First Circuit, in Fong Tan Jew v. Tillinghast, 24 F.(2d) 632, said: "While this good faith proceeding by Chin Lin Teung did not shift the burden of proof to the government, either for his re-entry or for the admission of his son, it grounds an inference that ought to be met by real evidence, or at least by such discrepancies in the applicant's evidence as to raise serious doubt in impartial minds."

It is the contention of counsel for respondent that the case at bar presents precisely the same question as was presented to the Circuit Court of Appeals, Ninth Circuit, in the case of Jo Mon Sing v. Weedin, 24 F.(2d) 820. In that case the court, speaking through Gilbert, Circuit Judge, said: "The only proof of the citizenship of Jo Toon Auk was a certificate of one McGettrick, a United States commissioner for the district of Vermont, which recited that on August 14, 1896, Jo Toon Auk was brought before him on the charge that he was unlawfully within the United States, and 'upon a full hearing on said charge, the district attorney being present, it was adjudged by me that said Jo Toon Auk had the lawful right to be and remain in the United States, by reason of being a citizen thereof, and he was accordingly discharged.'"

It does not appear from the opinion that any evidence was offered, but it does appear that upon one occasion in 1923, Jo Toon Auk's citizenship was recognized by the Immigration Department. The court further said: "The Immigration Department is not bound by its prior decisions in admitting Chinese aliens into the United States."

■ It is true that the Immigration Department is not bound by its prior decisions; nevertheless, where, as in the case at bar, such department has repeatedly had occasion to examine into the matter of such citizenship, and has universally recognized the same, some substantial reason should be presented for a change of view.

It is contended upon the part of the petitioner that this case comes squarely within the rule applied in the case of In re Goon Bon June (D. C.) 13 F.(2d) page 264, the judgment in which case was affirmed by the Supreme Court of the United States (276 U. S. 638, 48 S. Ct. 301, 72 L. Ed. 745) in a memorandum decision, reversing the case on appeal to the Circuit Court of Appeals. United States v. Goon Bon June, 19 F.(2d) 333.

Whether the Goon Bon June Case is entitled to the consideration contended for by counsel for the petitioner, it supports the view taken in this opinion that the evidence

presented upon the part of the petitioner was sufficient, to require favorable action, unless, as said in the Goon Bon June Case, "the government offers something besides suspicion as a ground of attack."

The writ should issue, and it is so ordered.