**MOCK KEE SONG v. CAHILL, Commissioner of Immigration and Naturalization.**

**No. 8604.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 25, 1938.

Stephen M. White, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

In March of 1931 appellant applied to the immigration authorities for a citizen's return certificate. The application was denied by the local officials of the immigration service. His appeal to the Secretary of Labor was dismissed. Whereupon appellant departed for China and, upon his return therefrom, made application for ad-

mission to the United States as a native-born American citizen, which application was denied by a board of special inquiry. His appeal to the Secretary of Labor was dismissed.

Being in custody for deportation following such dismissal, he sought discharge by petition for a writ of habeas corpus. His petition was denied by the court below, and he appeals from the order denying the petition.

In support of his application for entry, appellant submitted his own testimony and "two discharge certificates." Appellant first appeared before the immigration authorities at Portal, N. D., in September, 1910, where he testified that he was born in San Francisco, Cal.; that when he was eight or nine years old, he was taken to China by his parents; that he returned to the United States when he was thirteen. or fourteen years of age; and that he had thereafter been living in New York and Virginia.

At the Portal hearing he presented a "discharge certificate" dated July 23, 1896 bearing the signature and seal of Felix W. McGettrick, United States Commissioner for the Distict of Vermont, which recited that on July 23, 1896, a complaint had been filed before the said commissioner charging that appellant on said date "did unlawfully come and was within the United States," that on said date a hearing was had before said commissioner, and that "it was adjudged by me that said Mock Kee Song had the lawful right to be and remain in the United States and he was accordingly discharged." A similar "discharge certificate," bearing a photograph of appellant, under the hand and seal of G. E. Bowden, United States Commissioner for the Eastern District of Virginia, dated May 8, 1903 recited that Mock Kee Song, whose photograph was attached, had been on that day brought before said commissioner upon a complaint charging that said person was in the United States in violation of the Act of September 13, 1888, 25 Stat. 476, and that upon hearing "the proceedings were dismissed."

In November, 1910 upon one of appellant's numerous returns from China, through the port of Seattle, Wash., and during the course of an investigation by the immigration authorities, inquiry was made by the Immigration Commissioner at Seattle concerning the Bowden certificate, and the immigration inspector in charge at Norfolk, Va., reported that "the original records are unavailable hence no comparison can be made, but the signature 'G. E. Bowden' was shown to his son Henry Bowden an attorney here (the father was then deceased) and by him positively identified as genuine." On November 12, 1910, the immigration inspector in charge at Boston, upon inquiry of the Seattle immigration authorities, reported with respect to the McGettrick certificate that the signature of Commissioner McGettrick appearing thereon was genuine but that there was no record of the case, thereupon the Seattle authorities admitted appellant to entry, at the same time advising the Norfolk office that, "It appearing from your report that the discharge certificate issued to this applicant by Commissioner Bowden is genuine, and from the accompanying report of the Commissioner of Immigration at Boston that the discharge certificate issued by Commissioner McGettrick is also genuine, he has this day been admitted as a returning citizen."

Between 1909 and 1928 appellant made six trips to China, each time applying to the immigration authorities for and receiving a return certificate, under which upon each return trip he was admitted to the United States as a native-born citizen thereof.

Between 1920 and 1930 five children were admitted to the United States as foreign-born children of a native-born citizen, being the appellant here.

It was not evidence of an unfair hearing that the immigration officials did not credit appellant's testimony to the effect that he was born in San Francisco. Mui Sam Hun v. United States, 9 Cir., 78 F.2d 612. The testimony was uncorroborated because neither of the "discharge certificates" purported to show that appellant was at the dates thereof found to be a citizen of the United States. Even if they purported to recite such finding, they would not be conclusive here. Jo Mon Sing v. Weedin, 9 Cir., 24 F.2d 820; Lim Jew v. United States, 9 Cir., 196 F. 736.

The McGettrick certificates have been considered by the United States courts previously. See Ex parte Lung Foot, D.C. N.Y., 174 F. 70, 71. In Ex parte Chin Quock Wah, 224 F. 138, 139, Judge Neterer of the District Court of Washington, in discussing a McGettrick certificate, said:

"The first question to be disposed of is: Is the certificate which was presented a judgment in contemplation of the Exclu-

sion Act? I think a reading of the document is sufficient to conclusively show that it is not. On its face it shows that it is not a judgment. It does not purport to be a certified copy of any judgment or record of judgment. It is not a document which could be considered as evidence by any court or tribunal. It is merely a statement that a certain act had been done. It does not purport to, nor does it in fact, fill the requirements of any rule of evidence, state law, or act of Congress with relation to authentication of records of the United States. 'A written statement by a United States commissioner that a Chinese person of a certain name was brought before him and was adjudged to have the right to remain in the United States by reason of being a citizen is not evidence of a judgment.' Ah How v. United States, 193 U.S. 65 (24 S. Ct. 357, 48 L.Ed. 619); United States v. Lew Poy Dew, D.C., 119 F. 786."

The certificates under consideration here were not judgments; they did not establish the fact that petitioner was born in the United States; and they do not even. show that the question of petitioner's citizenship was at issue or considered by a United States commissioner.

It is urged that local port officials of the immigration service by their previous actions must have considered such certificates as evidence of an adjudication of petitioner's citizenship. If true, it "proves nothing, except that * * * the immigration authorities made a mistake which, if possible, should be corrected, not repeated." Mock Gum Ying v. Cahill, 9 Cir., 81 F.2d 940, 943.

Appellant also attaches considerable importance to the prior concessions of his nativity. The immigration officials are not bound by prior actions of local officers in admitting Chinese aliens into the United States. Jo Mon Sing v. Weedin, 9 Cir., 24 F.2d 820, and cases cited. We think that this rule is controlling whether the proceeding involves expulsion by judicial deportation or exclusion by administrative process.

In Wong Chow Gin v. Cahill, 9 Cir., 79 F.2d 854, 857, we considered a case very much like the case at bar. It was therein said with respect to the duties of the immigration officials: "When they have in fact considered the effect of their prior order and given it all the weight that they think it is entitled to, the court is confronted, not with the question of whether or not the original order is prima facie evidence to be overcome by other evidence for that purpose, but whether or not on the whole case there had been such arbitrary exercise of authority as to deny the applicant due process of law."

Upon the question of prima facie evidence it was said: "By going to China without such a certificate and after its repeated denial, the appellant voluntarily shifted the burden of proof to himself upon his application for re-entry. It was the duty of the officers to consider the effect of their previous order of admission in passing upon his right to re-enter. They did so. It cannot be said that their action upon the whole matter was unreasonable."

Appellant relies strongly upon Chun Kock Quon v. Proctor, 9 Cir., 92 F.2d 326, but we think it plainly distinguishable, for (1) there all prior decisions on appellant's claim had been favorable, and (2) there was much supporting testimony, neither of which factors are present here.

We cannot say that the board of special inquiry and the Secretary should have given more credence to the two "certificates," for like certificates bearing the same attesting signatures have been too often seriously questioned. The officials could well note the total lack of corroborating testimony with respect to petitioner's alleged birthplace and his. early life. The record does not show that the immigration officials were either arbitary or unfair or unreasonable in failing to give credence to petitioner's story, nor was it "conclusively established" by the record before us that the order was "arbitrary" or "capricious." Mui Sam Hun v. United States, 9 Cir., supra.

The order is affirmed.