### EX PARTE CHIN YOKE HING.

(District Court, D. Massachusetts. June 29, 1923.)

No. 2396.

1. **Aliens ⬅32(5)—Affirmative evidence required to overcome presumption of identity of Chinese person holding certificate of citizenship.**

   A Chinese person, who presents a certificate of discharge by a commissioner as an American citizen, is entitled to the benefit of it, unless there is some affirmative evidence sufficient to satisfy a fair-minded tribunal that the person offering the certificate is not the person named therein.

2. **Aliens ⬅32(5)—Evidence held not to warrant exclusion of Chinese person as noncitizen.**

   Discrepancies in the testimony of a Chinese person as to his identity with the person named in the certificate of a commissioner of his judg-

ment discharging the person named as an American citizen *held* insufficient to overcome the presumption of identity arising from his possession of the certificate, in view of other evidence supporting his claim.

Habeas Corpus. Petition by Chin Yoke Hing, son of Chin Bing Len, for writ of habeas corpus. Writ granted.

E. F. Damon, of Boston, Mass., for applicant.

BREWSTER, District Judge. Chin Yoke Hing has applied for admission as the son of Chin Bing Len, who claims to be an American citizen. The relationship between the applicant and his alleged father has been established to the satisfaction of the authorities, but the citizenship of the father is questioned.

In 1900 two brothers, Chin Yuck Suey and Chin Bing Len, were arrested at Malone, N. Y., charged with unlawful entry into the United States, and after a hearing before Commissioner Paddock they were adjudged to be citizens of the United States. They were discharged, and the commissioner issued to each a certificate of judgment. There was evidence tending to show that a photograph of the defendant named therein was attached to each certificate by the commissioner when it was issued. The father presents the certificate issued to Chin Bing Len. From an inspection of it, it is obvious that the attached photograph has been placed on the document since it was issued and there are indications that the photograph has been substituted for another.

Chin Yuck Suey, whose identity is established, testified that the applicant's father is his brother, Chin Bing Len, and one Leong Wing, who was a witness before Commissioner Paddock in 1900, testified that the father is the same Chin Bing Len who was then discharged. Chin Bing Len testified that he was born in San Loot, Cal.; that his father, Chin Ai Din, and Leong Wing were neither of them present at the hearing before Commissioner Paddock, whereas the records of the hearing show conclusively that Chin Bing Len and Chin Yuck Suey were both born in San Juan, Nev.; that both Chin Ai Din and Leong Wing were present and testified before Commissioner Paddock. This testimony of Chin Bing Len was given before an inspector on January 30, 1923, and during the course of the examination the witness stated that he was ill and did not feel as though he could continue with the examination. On the following day he corrects his testimony, and testifies that he was born in San Juan, Cal.; that his father and Leong Wing testified at the hearing before Commissioner Paddock. He also testified that the photograph attached to the certificate of discharge was brought from Hong Kong and placed on the certificate when he received the paper at Malone. This obvious misstatement the father makes no attempt to correct. The matter was referred to a board of special inquiry, who after receiving the testimony of the identifying witnesses concluded that the relationship between Chin Yoke Hing and Chin Bing Len was reasonably established, but the board, not satisfied that Chin Bing Len was an American citizen, denied admission to the applicant. This decision was sustained upon appeal to the Department of Labor.

It is not seriously contended that the applicant has been denied an opportunity to fully present his evidence, but it is claimed that the evidence has not been fairly and impartially considered, and for that reason a fair trial has been denied him, within United States v. Chin Len, 187 Fed. 545, 109 C. C. A. 310. In the instant case, as in that, the only disputed fact is whether the holder of a certificate of discharge is the identical person who was adjudged to be a citizen of the United States by United States Commissioner Paddock. In the case of Chin Len the Circuit Court of Appeals found that the identity was established without contradiction, and that the refusal to admit Chin Len had no tangible basis on which to rest and was without authority of law. There were certain facts which distinguished that case from the pending case. While the certificate of discharge from Commissioner Paddock showed alterations, the court found that the alterations were not material and could not have been made by Chin Len. There were discrepancies in testimony, but upon comparatively insignificant points, and the courts seem to have attached considerable importance to the facts that the same papers which Chin Len presented at the time of his admission had been received by the department when he left the country a few years before.

In this case the alterations of the certificate of discharge are material, could have been made by the alleged father, and his testimony, before he had corrected it, revealed discrepancies upon very material matters.

[1] However, as I read the opinions in the Chin Len Case, one who presents a certificate of discharge is entitled to the benefit of it, unless there is some affirmative evidence sufficient to satisfy a fair-minded tribunal that the person offering the certificate is not the party named therein. As was stated in United States v. Chin Len, 187 Fed. at page 549, 109 C. C. A. at page 315:

"The officials charged with the enforcement of the Chinese Exclusion Acts should give due force and effect to the judgments of the United States commissioners. The relator presented to the inspector at Richford a duly authenticated judgment showing that he was not an alien, but a citizen of the United States entitled to enter without molestation. Unless that judgment was impeached, or the relator was shown not to be Chin Len, the inspector had no right to refuse him admittance. Neither of these propositions was established. On the contrary, the judgment has been proved genuine and the attempt to show that the relator was not Chin Len has wholly failed."

[2] In the pending case the evidence of the brother, Chin Yuck Suey, and the witness Leong Wing, stands unimpeached, and except as already noted the testimony of Chin Bing Len, covering quite a range of details, is consistent with the testimony of other witnesses. Moreover, the government submitted the file in the case of Chin Yun Sun and Chin Long, sons of Chin Yuck Suey, the brother of Chin Bing Len, which includes the testimony of these two applicants and their father given in December, 1921. By checking up this testimony, which was given before the pending proceedings were instituted, with the testimony of Chin Yoke Hing and his father, it is impossible to escape the conclusion that Chin Yoke Hing is the nephew of Chin Yuck Suey. This being so, and the department conceding the relationship

of father and son between Chin Yoke Hing and Chin Bing Len, it follows that Chin Bing Len is the brother of Chin Yuck Suey, whom the department has already recognized as an American citizen.

I am of the opinion, therefore, that in this case, as in the earlier case of Chin Len the identity has been established by overwhelming and uncontradicted evidence, and that the excluding decision has no tangible basis on which to rest, and is therefore without authority of law. The fact that another photograph has been attached since the trial in 1900 would not necessarily be fatal. The original photograph may have become accidentally detached and another substituted in its place several years ago, in which case the testimony of Chin Bing Len would not be sufficiently wide of the mark to wholly discredit his evidence. The discrepancies in his statements can readily be accounted for by his condition at the time of the hearing. It does not seem to me that the presumption to which Chin Bing Len is entitled under the decision above cited has been overcome by the inference which the department has seen fit to draw from these discrepancies. The petition for a writ of habeas corpus should be allowed, and the writ may issue.