### In re GOON BON JUNE.

(District Court, D. Massachusetts. May 18, 1926.)

#### No. 3263.

Aliens ⚖➝32(13)—Affirmative evidence held required to overcome presumption of citizenship in favor of Chinese person discharged by commissioner on ground of citizenship, and who thereafter resided in country over 30 years.

Chinese person, who presents certificate showing discharge by United States commissioner on ground of citizenship, is entitled to benefit of presumption in his favor on his claim of citizenship, unless it is overcome by other evidence in the case, especially where he has thereafter resided in United States for 30 years.

Deportation proceeding against Goon Bon June. From an order of deportation, defendant appeals. Order vacated.

Everett F. Damon, of Boston, Mass., for petitioner.

Harold P. Williams, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., opposed.

BREWSTER, District Judge. The defendant is a person of Chinese extraction, charged with being unlawfully in the United States. No evidence was offered on behalf of the defendant at the hearing before the United States commissioner. On appeal, evidence was adduced in support of defendant's claim that he was an American citizen by reason of birth in the United States. This evidence included testimony of the defendant and of two Chinese witnesses. There was very little in the testimony of these witnesses to corroborate the defendant's claim that he was born in San Francisco, Cal., but the testimony fairly well established the fact that since 1896 the defendant had been in this country and had been known as Goon Bon June.

The defendant produced, and I received in evidence, certified copies of records made by the United States commissioner at Richford,

Vt., and certified by the clerk of the United States District Court for the District of Vermont, from which it appeared that in 1896 one Goon Bon June had been arrested, heard, and discharged. The records do not state the grounds of the discharge, but from evidence of statements made by the United States commissioner who granted it, and who is now deceased, a probability—indeed, almost a certainty—exists that the commissioner found that the defendant was born in the United States.

The question presented is whether this discharge, together with the defendant's uninterrupted residence in the United States for over 30 years, create a presumption of fact in favor of the defendant, which should govern the conclusion of the court, unless it is overcome by other evidence in the case.

Without going so far as to regard the decision of the commissioner as conclusive (Ex parte Chin Quock Wah [D. C.] 224 F. 138), I think a presumption should be indulged for the benefit of the defendant. His statement, made to the Chinese inspector at the time of his arrest, was in evidence. While the answers of the defendant to questions propounded by the inspector were not altogether satisfactory, there are no material inconsistencies between that statement and the defendant's testimony before me. When a claim of citizenship is made, and supported by an adjudication of a United States commissioner, it seems to me that justice to the defendant requires me to give effect to the judgment, unless the government offers something besides suspicion as a ground of attack. United States v. Chin Len, 187 F. 544, 109 C. C. A. 310; Ex parte Chin Yoke Hing (D. C.) 291 F. 274. Especially is this true where the party has been permitted for 30 years to act upon the assumption that he had been adjudged rightfully within the country.

I sustain the appeal and vacate the deportation order of the commissioner.