CHIN GIM SING et al. v. TILLINGHAST, Commissioner,

District Court, D. Massachusetts. April 3, 1929.

No. 4046.

Everett F. Damon, of Boston, Mass., for plaintiffs.

Frederick H. Tarr, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge. Habeas corpus to the Commissioner of Immigration to secure the discharge of the petitioners. They claim admittance to this country as sons of Chin Wing Yock, an American citizen. The Board of Special Inquiry found that the alleged relationship was established, but that the father's citizenship was not. The Board

of Review held that neither citizenship nor relationship was proved. The case presents the familiar question whether these conclusions were so unreasonable and arbitrary in view of the evidence submitted as to amount to a denial of due process of law.

■ As to the alleged citizenship: The Board of Special Inquiry found that the alleged father was admitted to this country by a judgment of a United States Commissioner in April, 1927, upon the ground that "Chin Wing Yick (sic) had the lawful right to be and remain in the United States by reason of being a citizen thereof"; and that in 1924 Yick's status was investigated at his request for a return certificate, and the certificate was granted by the Bureau upon the ground that he was a citizen. In the present proceedings he produces certified copies of the complaint against him before the Commissioner, the warrant, the officer's return thereon, and the fee bill. The other papers in the record are, I understand, lost or unavailable, and the Commissioner in question is dead. The proof appears to be as complete as possible. The alleged father testified, as he has consistently and heretofore persuasively done, that he is a native-born citizen of this country. No evidence was brought forward against his claim. It stands as well as it ever did and exactly as it was when accepted twice before. No reasons whatever for now rejecting it is suggested by the immigration tribunals. They have disregarded the judgment of the Commissioner, the action of their own Bureau in 1924, and uncontradicted testimony of the person who claims to be a citizen, upon no ground but that it is their pleasure to do so. This is not fair hearing; it is arbitrary and unreasonable treatment. Similar questions have several times come before this court and been similarly decided. Goon Bon June (D. C.) 13 F.(2d) 264; Lum Man Shing (C. C. A.) 29 F.(2d) 500; In re Lee Hung Wong (D. C.) 29 F.(2d) 768. In the Goon Bon June Case, supra, the judgment of the Court of Appeals reversing the District Court was reversed by the Supreme Court of the United States, 276 U. S. 638, 48 S. Ct. 301, 72 L. Ed. 745.

■ As to relationship: This issue was decided in favor of the applicants by the Board of Special Inquiry which saw the witnesses. The long and detailed examination of the applicants, their alleged father, and their identifying witness, Yip, covering 58 pages of typewriting, reveals no significant contradictions or discrepancies. It is, on the contrary, convincingly true. The Board of Special Inquiry holds it somewhat against the

applicants that they still insist that one Chin Gim Wing, who was excluded in 1925, is their brother. I have examined the evidence very carefully. I see in it nothing to suggest that the applicants are falsifying in respect to Wing, nor indeed that he was falsifying when he testified before. It appears that after having been excluded he went back to China and has since lived there as a member of this very family, although in his own proceedings it was held that his claim of relationship to them was fictitious and fraudulent. It is neither candid nor fair to cover up a mistake by piling another one on top of it.

Jurisdiction in this court is established. The writ must issue; and neither party desiring to present further evidence, an order will be entered discharging the petitioners.